In re Samuel SHAHEEN, Debtor.

Samuel SHAHEEN, Defendant/Appellant,

v.

Kevin PENROSE, Plaintiff/Appellee.

Civ. A. No. 4:94cv136.

United States District Court,
E.D. Virginia,
Newport News Division.

Nov. 30, 1994.

John W. Raymond, Norge, VA, for defendant/appellant.

George R. Leach, Williamsburg, VA, for plaintiff/appellee.

## OPINION

REBECCA BEACH SMITH, District Judge.

This matter comes before the Court pursuant to 28 U.S.C. § 158(a) on appeal from the Order of the United States Bankruptcy Court for the Eastern District of Virginia,

entered August 3, 1994. After a trial on the merits, the bankruptcy court held that the debt was nondischargeable in bankruptcy in the amount of $60,000.00. At issue in this appeal is (1) whether the bankruptcy court correctly granted Penrose's motion to establish that the Complaint to Determine Dischargeability was timely filed, and (2) whether the bankruptcy court correctly calculated the amount of the debt to be $60,000.00. After due consideration, and for the reasons articulated below, this Court AFFIRMS the bankruptcy court's order of August 3, 1994, which treated Penrose's complaint as timely filed and which found the amount of the debt to be $60,000.00.

### I. Factual and Procedural History

Debtor Samuel Shaheen filed a voluntary Chapter 7 petition in bankruptcy on August 27, 1993. Several weeks earlier, on August 1, 1993, Debtor had attacked and injured Kevin Penrose. On December 21, 1993, Debtor pled guilty to an amended indictment charging him with assault and battery and agreed to pay $6,600.00 restitution to Penrose.

Debtor did not list Penrose as a creditor in his initial bankruptcy filing on August 27, 1993. Thus, Penrose did not receive formal notice of the initial meeting of creditors, which occurred on September 29, 1993. However, Debtor amended his list of creditors on November 17, 1993, to include Penrose and Penrose received formal notice at that time.[1] Although the sixty day deadline[2] for filing a Complaint to Determine the Dischargeability of this type of debt was November 29, 1993, Penrose filed his Complaint on December 3, 1993. Penrose, on December 13, 1993, then filed an amended version of his

Complaint to Determine Dischargeability ("Amended Complaint").

On January 11, 1994, Debtor answered Penrose's Amended Complaint and contested its timeliness. Penrose then moved the bankruptcy court to determine whether he had timely filed his Complaint to Determine Dischargeability because he was not listed on Debtor's initial petition under 11 U.S.C. § 523(a)(3) and because the Debtor inflicted willful and malicious injury upon him under 11 U.S.C. § 523(a)(6).[3] On February 8, 1994, the bankruptcy court addressed the question of whether Debtor had timely filed his Amended Complaint. By Order and Memorandum Opinion entered on March 8, 1994, the bankruptcy court recognized the Amended Complaint as timely filed because Penrose had not received the thirty days notice required by Fed.R.Bankr.P. 4007(c). Mem.Op. at 2 (Mar. 8, 1994).[4] On March 14, 1994, the Debtor filed a motion to reconsider this ruling; on April 27, 1994, the bankruptcy court reserved ruling on the motion to reconsider until the time of trial.

At trial, the bankruptcy court denied the motion to reconsider its March 8, 1994 Order and Memorandum Opinion. Tr. at 6. The bankruptcy court then, after hearing testimony and other evidence, ruled that the debt totalled $60,000.00. Tr. at 161. Debtor contests the ruling of the bankruptcy court that the Amended Complaint was timely filed and that the amount of the debt was $60,000.00. Both parties having briefed the issues, the appeal is ready for decision by this Court.[5]

### II. Analysis
#### A. Timely Filing of the Complaint

■ Title 11, section 523 of the United States Code identifies exceptions to dis-

---

1. The bankruptcy court made a finding of fact that Penrose had no actual knowledge of Debtor's bankruptcy filing before Debtor filed his amended schedules on November 17, 1994. Mem.Op. at 2 (Mar. 8, 1993). This finding of fact is suggested by the record and is not clearly erroneous.

2. "Sixty day deadline" refers to the deadline for filing complaints to determine dischargeability set not later than sixty days after the initial meeting of creditors under Fed.R.Bankr.P.

4007(c). See infra at 426 for text of Rule 4007(c).

3. See infra at 425–26 for relevant text of section 523.

4. See infra at 426 for text of Rule 4007(c).

5. Because the issues on appeal involve matters of law and fact fully covered by the record and authorities already before the Court, the Court does not find that oral argument would aid in the decisional process.

charge of a debt in bankruptcy. The portions of section 523 pertinent to this case specify:

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

\* \* \* \* \* \*

(3) neither listed nor scheduled under section 521(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit—

\* \* \* \* \* \*

(B) if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim and timely request for a determination of dischargeability of such debt under one of such paragraphs, unless such creditor had notice or actual knowledge of the case in time for such timely filing and request;

\* \* \* \* \* \*

(6) for willful and malicious injury by the debtor to another entity or to the property of another entity;

\* \* \* \* \* \*

(c)(1) Except as provided in subsection (a)(3)(B) of this section, the debtor shall be discharged from a debt of a kind specified in paragraph (2), (4), or (6) of subsection (a) of this section, unless, on request of the creditor to whom such debt is owed, and after notice and a hearing, the court determines such debt to be excepted from discharge under paragraph (2), (4), or (6), as the case may be, of subsection (a) of this section.

11 U.S.C.A. § 523 (West.Supp.1994).

Section 523 and Bankruptcy Rule 4007(c) govern the timing for filing complaints to determine the nondischargeability of bankruptcy debts. To implement section 523, Rule 4007(c) provides:

A complaint to determine the dischargeability of any debt pursuant to § 523(c) of the Code shall be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a). The court shall give all creditors not less than 30 days notice of the time so fixed in the manner provided in Rule 2002. On motion of any party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be made before the time has expired.

Fed.R.Bankr.P. 4007(c).

■ The first issue on appeal arises because Penrose, a creditor, filed his original and Amended Complaints to Determine Dischargeability after November 29, 1993, the sixty day deadline set after the initial meeting of creditors. Debtor primarily contests the bankruptcy court's ruling that Bankruptcy Rule 4007(c) grants all creditors at least thirty days notice and because Penrose did not receive thirty days notice prior to November 29, 1993, Penrose's complaint was timely filed, even though filed after the November 29, 1993 deadline. Mem.Op. at 2 (Mar. 8, 1994).[6] The district court reviews such a conclusion of law *de novo*. *In re Bryson Properties, XVIII*, 961 F.2d 496, 499 (4th Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 191, 121 L.Ed.2d 134 (1992); *In re McCauley*, 105 B.R. 315, 318 (E.D.Va.1989).

The parties place different emphasis on the first and second sentences of Rule 4007(c). Debtor claims that Penrose's failure to file his Complaint to Determine Dischargeability before the sixty day deadline established by the first sentence of Rule 4007(c) renders Penrose's complaint untimely, regardless of whether Penrose appeared on the initial list of creditors. Penrose

---

**6.** Although the bankruptcy court's Order and accompanying Memorandum of Law were entered March 8, 1994, Debtor filed a timely motion to reconsider this ruling on March 15, 1994. The bankruptcy court reserved ruling on the motion to reconsider until the time of trial and then denied the motion to reconsider. Although Bankr.R.Civ.P. 8002 requires that Notice of Appeal be given 10 days after the entry of an order from which an appeal is sought, in this case, the timely motion to reconsider tolled the time for giving notice of an appeal. *See In re Branding Iron Steak House,* 536 F.2d 299 (9th Cir.1976) (timely motion to reconsider treated as motion to amend court's judgment).

claims that notice of Debtor's late amendment, which added Penrose as a creditor, did not provide the thirty days notice required by the second sentence of Rule 4007(c), if he had to file by November 29, 1993. While the sixty day deadline apparently prevents Penrose's Amended Complaint from being considered timely, the thirty day provision simultaneously permits the filing.

 Statutory interpretation requires a court to adhere to the plain meaning of the statute and to endeavor to give effect to all sections and words. *In re Maxway Corp.*, 27 F.3d 980, 982 (4th Cir.1994) ("Statutory interpretation necessarily begins with an analysis of the language of the statute"); *Hurley v. United States*, 192 F.2d 297, 300 (4th Cir.1951) ("Statutes must be interpreted to give meaning to every portion thereof"). The second sentence of Rule 4007(c) mandates that a creditor receive thirty days notice before the bankruptcy court may foreclose his right to participate in the process. Fed.R.Bankr.P. 4007(c). Usually, creditors who are informed of the initial creditor's meeting receive more than thirty days notice of the filing deadline. Those creditors do not need the protection offered by the second sentence of Rule 4007(c). However, creditors without notice of the initial meeting, who are later appended to the debtor's petition, must receive some adequate notice of the filing deadline before the bankruptcy court discharges the debtor's obligations to them.

In order for the second sentence of Rule 4007(c) to have meaning, the thirty day requirement necessarily applies to those later scheduled creditors, such as Penrose, who received notice less than thirty days before the original sixty day deadline for filing complaints. Strict adherence to the sixty day deadline would render the thirty day notice requirement meaningless in certain instances. This Court simply cannot ignore the plain and clear notice requirement in the second sentence of Rule 4007(c) to enforce the sixty day deadline contained in the first sentence of that Rule. Importantly, granting a minimum of thirty days notice to all creditors still gives effect to the sixty day deadline for the initial creditors and any creditor added more than thirty days before the sixty day deadline.

Neither the Fourth Circuit Court of Appeals nor the courts of the Eastern District of Virginia have addressed the particular question of whether a creditor without the thirty day notice of Rule 4007(c) is still bound by the sixty day deadline of the rule.[7] Two other United States Circuit Courts of Appeals have confronted this question and have reached opposite results. *See In re Dewalt*, 961 F.2d 848 (9th Cir.1992) (creditor permitted to make filing); *In re Sam*, 894 F.2d 778 (5th Cir.1990) (creditor not permitted to make filing). These opinions present competing equities: the right of creditors to file a claim versus the efficient administration of the bankruptcy estate. *In re Dewalt*, 961 F.2d at 850–51; *In re Sam*, 894 F.2d at 781.

In *In re Dewalt*, the debtor listed an inaccurate name and address of the creditor on the initial petition, so the creditor did not receive notice of the filing of the petition. 961 F.2d at 849. Seven days before the sixty day deadline for filing complaints, the creditor received actual, rather than formal, notice of the fact that the debtor had filed for bankruptcy, but the creditor made no filing before the sixty day deadline. *Id.* The bankruptcy court held that because the creditor had actual knowledge of the bankruptcy, it could have filed for an extension to file its complaint before the sixty day deadline. *Id.* at 850. A divided Ninth Circuit Bankruptcy Appellate Panel affirmed this decision. *Id.*

7. Debtor discusses several cases in his supporting brief; however, none of the cases address the situation in which a creditor acquires notice, either actually or formally, less than thirty days before the sixty day deadline. *See, e.g., In re McMichael*, 146 B.R. 661 (Bankr.E.D.Va.1991) (actual knowledge of bankruptcy filing possessed by the creditor more than thirty days in advance of sixty day deadline based on record of state court proceeding); *In re Alton*, 837 F.2d 457 (11th Cir.1988) (notice of debtor's Chapter 11 filing and of automatic stay received by creditor, although no notice of creditor's meeting or sixty day deadline for filing complaints given to creditor); *Neeley v. Murchison*, 815 F.2d 345 (5th Cir.1987) (although clerk's office failed to provide notice to creditor as provided in Rule 4007(c), "the creditor had notice of the bankruptcy proceedings and more than ample opportunity to file...."); *In re Rhodes*, 61 B.R. 626, 630 (9th Cir. BAP 1986) (actual knowledge one month in advance of sixty day deadline).

The Ninth Circuit reversed and followed the dissenting opinion of the Bankruptcy Appellate Panel. *Id.* (adopting position stated in *In re Dewalt,* 107 B.R. 719, 723–29 (9th Cir. BAP 1989) (Russell, J., dissenting)). The Ninth Circuit examined section 523(a)(3)(B), which prohibits an unlisted creditor from filing a complaint to determine dischargeability beyond the sixty day deadline, if the creditor has actual notice of the filing deadline "in time to permit a request for a determination of dischargeability." 961 F.2d at 850, (quoting *In re Dewalt,* 107 B.R. at 723 (Petris, J., concurring)). However, the court reasoned that section 523(a)(3) does not define the time to permit such a request. *In re Dewalt,* 961 F.2d at 851. To clarify the time mentioned in section 523(a)(3)(B), the Ninth Circuit interpreted the thirty day provision of Rule 4007(c) as a "guide to the minimum time within which it is reasonable to expect a creditor to act at penalty of default." 961 F.2d at 851.

The Fifth Circuit in *In re Sam* reached a different result when it addressed similar facts. 894 F.2d at 778. The Fifth Circuit upheld the lower court's decision not to permit the creditor to file the complaint. *Id.* In *In re Sam,* the creditor had actual notice that the debtor had filed bankruptcy only eighteen days before the sixty day deadline, and the creditor did not file a motion for an extension before that time. *Id.* The Fifth Circuit held that because Rule 4007(c) only implements section 523(c), the creditor's actual knowledge of the bankruptcy filing "permit[s] him to take steps to protect his rights," regardless of the thirty day time limit in Rule 4007(c). *Id.* at 781. Thus, although the creditor did not have to file a complaint before the sixty day deadline, with actual notice, the creditor had time to make an appropriate motion for an extension. *Id.*

*In re Sam* relied on *Neeley v. Murchison,* 815 F.2d 345 (5th Cir.1987), a previous Fifth Circuit case in which the creditor received notice of the initial meeting of creditors and, based on this notice, could have deduced the filing deadline. However, the *Neeley* case

did not involve a creditor, like the creditor in *In re Sam* or like Penrose, who received less than thirty days notice of the sixty day deadline for filing complaints. Basically, the *In re Sam* opinion disregards the thirty day notice requirement contained in Rule 4007(c). *See In re Sam,* 894 F.2d at 781.

This Court finds the Ninth Circuit's reasoning in *In re Dewalt* to be more persuasive because it gives meaning to both sentences of Rule 4007(c). In particular, the equities emphasized by the Ninth Circuit in *In re Dewalt* support this Court's decision to treat Penrose's Amended Complaint as timely filed. The court in *In re Dewalt* reasoned that the statutory language of section 523(a)(3)(B) does not require creditors to file a motion for an extension before the sixty day deadline. 961 F.2d at 850. Rather, the thirty day provision of Rule 4007(c) sets the minimum time in which a late listed creditor must act. 961 F.2d at 851. Further, the Ninth Circuit recognized that rewarding debtors for negligence in failing to include a creditor on the initial schedule operates contrary to the language of section 523(a)(3)(B). 961 F.2d at 851. Protecting a creditor's right to participate in the bankruptcy process is a significant policy of the Bankruptcy Act. *See id.* at 850–51; *In re Sam,* 894 F.2d at 781. Although Penrose did receive formal notice of the bankruptcy after Debtor amended his schedules to include Penrose on November 17, 1993, Debtor should not be allowed to benefit from omitting Penrose from his initial petition.[8] Accordingly, this Court AFFIRMS the bankruptcy court's decision to consider Penrose's filing as timely and holds thirty days to be required notice in this case.

### B. Amount of the Debt

 Debtor appeals the bankruptcy court's finding of fact that the amount of the debt for willful and malicious injury was $60,000.00. Bankruptcy Rule 8013 provides that a district court, giving "due regard ... to the opportunity of the bankruptcy court to judge the credibility of the witnesses," shall not set aside the factual findings of the bankruptcy court unless they are clearly erroneous.

---

**8.** Although Mr. Penrose received formal notice under Rule 2002 as opposed to actual knowledge possessed by the plaintiff in *In re Dewalt,* section

523(a)(3)(B) treats both types of notice identically. *See supra* at 425–26 for text of statute.

Fed.R.Bankr.P. 8013. "A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been made." *In re Morris Communications NC, Inc.*, 914 F.2d 458, 467 (4th Cir.1990).

Debtor has complained that the record contains no evidence to support the $60,-000.00 award. Debtor claims that the restitution paid to Penrose compensated him for his actual medical expenses and that the $60,000.00 award duplicates the restitution payments. Although the record reflects that Debtor was ordered to pay Penrose restitution to cover his medical expenses, the record also contains evidence of potential future medical expenses and pain and suffering experienced by Penrose that would justify the bankruptcy court's award.

Dr. Kona testified that Penrose's knee injury was permanent; and despite making a "very good" prognosis, Dr. Kona also testified to the possibility that Penrose could expect pain in the future and the possibility that Penrose could develop degenerative arthritis. Tr. at 17–18. Dr. Kona also testified that because of Penrose's position as a stock clerk in a supermarket, lifting could exacerbate his injury. Tr. at 19. The bankruptcy court accepted the testimony of Dr. Kona by ruling that, "even though the prognosis is very good, the injury is permanent, and he is affected now by the weather, and the damage of the situation for him can become progressive and could go into arthritic situations." Tr. at 161.

At the trial, Penrose testified to the details of the attack and his physical condition after the attack. The bankruptcy court accepted Penrose's testimony that, after the attack, his ability to enjoy sports such as tennis and basketball had diminished. Tr. at 64–70. The bankruptcy court commented that it found Penrose a credible witness because Penrose had admitted some facts which were adverse to his position. Tr. at 159. Thus, the bankruptcy court legitimately concluded that "it's clear, from such a graphic and brutal beating such as this, that the pain and suffering was [sic] considerable." Tr. at 161.

This Court finds that the decision of the bankruptcy court to award $60,000.00 was not clearly erroneous. The record does contain evidence of the dollar value of his actual medical expenses. Yet, in addition to compensation for medical treatment, the record also reflects that the $60,000.00 award addresses Penrose's future medical expenses and his pain and suffering. Accordingly, this Court AFFIRMS the bankruptcy court's factual finding that the amount of the debt is $60,000.00.

### III. Conclusion

Because Bankruptcy Rule 4007(c) requires that creditors receive a minimum of thirty days notice of the deadline for filing complaints to determine dischargeability, the bankruptcy court correctly concluded that Penrose's complaint was timely. The thirty day minimum of Rule 4007(c) takes precedence over the sixty day deadline of Rule 4007(c) for those creditors noticed within less than thirty days of the sixty day deadline. Additionally, because the record contains evidence supporting a $60,000.00 award, the bankruptcy court did not err in granting this amount. The Clerk is DIRECTED to send a copy of this opinion to counsel for the parties and to the bankruptcy court.

IT IS SO ORDERED.