**In re Rose Marie BURRIER, Debtor.**

**Cathy HARPER and Pauline Miller, Plaintiffs,**

v.

**Rose Marie BURRIER, Defendant.**

Bankruptcy No. 94–60887.
Adv. No. 94–6134.

United States Bankruptcy Court,
N.D. Ohio.

March 31, 1995.

Joseph F. Scott, Herbert, Benson, & Scott, Canton, OH, for plaintiffs.

John Hornbrook, G.S. Krainess Co. L.P.A., Canton, OH, for defendant.

## MEMORANDUM OF DECISION

JAMES H. WILLIAMS, Chief Judge.

The matter before the court is a motion filed by the defendant, Rose Marie Burrier (Debtor), to dismiss this adversary proceeding. The plaintiffs, Cathy Harper (Harper) and Pauline Miller (Miller) (collectively, Plaintiffs), filed a response to the Debtor's

motion and the court took the matter under advisement.

## I.
## FACTS

1. On or about May 26, 1994, the Plaintiffs filed a complaint against the Debtor in the Court of Common Pleas of Tuscarawas County, Ohio. The complaint sought money damages from the Debtor stemming from a series of allegedly fraudulent transactions involving an automobile.

2. The next day, May 27, 1994, the Debtor filed a petition under Chapter 7 of Title 11 of the United States Code. Her initial schedules did not include any debts owed to the Plaintiffs and indeed, her statement of affairs annexed to her petition stated that she was not a party to any suit.

3. On June 6, 1994, notice was sent to all creditors that the last day for filing a complaint objecting to the Debtor's discharge or to determine the dischargeability of a particular debt (the bar date) was September 19, 1994. The Plaintiffs did not receive this notice because they were not included in the list of the Debtor's creditors. Neither did the Plaintiffs receive any other notice of the bar date for filing dischargeability complaints.

4. On July 27, 1994, the Debtor filed an amendment to her schedules to add a debt owed to Harper relating to a "1992/1994 Civil Action" in the amount of $2,500.00. The certificate of service of the amendment indicates that a copy was sent via ordinary mail to Harper on July 22, 1994. Her attorney denies that he ever received a copy of the amendment.

5. The Debtor filed another amendment to her schedules on September 15, 1994, to add unsecured creditors, including Miller. These claims are all described as "1992–Civil Suit." No amounts are shown. The certificate of service of this amendment indicates that a copy was sent via ordinary mail to both Miller and her attorney on September 5, 1994. Her attorney acknowledges that he received a copy of the amendment on or about September 9, 1994.

6. On September 22, 1994, the debtor was granted a discharge.

7. On November 1, 1994, the Plaintiffs filed the complaint commencing the present adversary proceeding, asserting that their respective debts are nondischargeable because they resulted from the willful and malicious conduct of the Debtor.

## II.
## DISCUSSION
### A.

The court has jurisdiction in this adversary proceeding by virtue of 28 U.S.C. § 1334(b) and General Order No. 84 entered in this district on July 16, 1984. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I). This Memorandum of Decision constitutes the court's findings of fact and conclusions of law pursuant to Fed.R.Bankr.P. 7052.

Fed.R.Civ.P. 12 is made applicable to bankruptcy proceedings by Fed.R.Bankr.P. 7012(b). Under Rule 12(b)(1), a complaint must be dismissed if it fails to state a claim upon which relief can be granted. The Debtor argues that the Plaintiffs' complaint should be dismissed because it was not timely filed.

### B.

Although it does not expressly so state, the statutory basis for the Plaintiffs' dischargeability complaint is Section 523 of the Bankruptcy Code. Section 523 in relevant part provides:

(a) A discharge under section 727 ... does not discharge an individual debtor from any debt—

.    .    .    .    .

(3) neither listed nor scheduled under section 521(1) of [Title 11], with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit—

.    .    .    .    .

(B) if such debt is of a kind specified in paragraph ... (6) of [Section 523(a) ], timely filing of a proof of claim and timely request for a determination of

dischargeability of such debt under one of such paragraphs, unless such creditor had notice or actual knowledge of the case in time for such timely filing and request;

. . . . .

(6) for willful and malicious injury by the debtor to another entity or to the property of another entity;

. . . . .

(c)(1) Except as provided in [Section 523(a)(3)(B) ], the debtor shall be discharged from a debt of a kind specified in paragraph ... (6) ... of [Section 523(a) ], unless, on request of the creditor to whom such debt is owed, and after notice and a hearing, the court determines such debt to be excepted from discharge under paragraph ... (6) ... as the case may be, of [Section 523(a) ].

11 U.S.C. § 523. Fed.R.Bankr.P. 4007(c), which implements Section 523(c), provides:

A complaint to determine the dischargeability of any debt pursuant to § 523(c) of the Code shall be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a). The court shall give all creditors not less than 30 days notice of the time so fixed in the manner provided in Rule 2002. On motion of any party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be made before the time has expired.

Each party finds support in the Rule for the position they hold. Somehow the limitation periods must be reconciled.

■■■■ Of course, formal notice of the bar date is not always required. *Lompa v. Price (In re Price)*, 871 F.2d 97 (9th Cir.1989) (holding that creditor without formal notice of bar date but with actual notice of petition 58 days prior to it was bound thereby); *Yukon Self Storage Fund v. Green (In re Green)*, 876 F.2d 854 (10th Cir.1989) (holding the creditor without formal notice of bar date but actual notice of petition shortly after filing was bound thereby); *Byrd v. Alton (In re Alton)*, 837 F.2d 457 (11th Cir.1988) (hold-ing that unscheduled creditor without notice of bar date had actual notice of bankruptcy petition within sufficient time to allow timely filing of dischargeability complaint). Therefore, a creditor with knowledge of a debtor's bankruptcy has an obligation to inquire as to the last day for filing dischargeability actions or risk having a claim forever barred. Reading these cases and Rule 4007(c) together, the court is led to conclude that a creditor must have either formal or inquiry notice of the bar date for filing dischargeability complaints at least 30 days prior to the deadline in order to be bound thereby. *Manufacturers Hanover v. Dewalt (In re Dewalt)*, 961 F.2d 848 (9th Cir.1992).

This analysis gives effect to both sentences of Rule 4007(c) in question. If the court were to strictly adhere to the 60–day deadline in the first sentence of Rule 4007(c), as the Debtor argues it should, the 30 day notice requirement in the second sentence becomes meaningless.

### C.

■■■■ The record indicates that Harper received notice of the Debtor's bankruptcy more than 30 days before the bar date for filing dischargeability complaints. The certificate of service of the amendment adding Harper was mailed to her on July 22, 1994 which was 59 days before the bar date. Although she did not receive formal notice of the bar date, Harper had an obligation to inquire as to that date to protect her interests. *See Price, Green* and *Alton, supra.* Thus, the record indicates that Harper had inquiry notice of the bar date and is bound thereby. Her complaint must be dismissed as untimely unless she can prove that she did not indeed receive such notice.

■■■■ Harper's attorney stated in his affidavit attached to the Plaintiffs' response to the Debtor's motion to dismiss that *he* did not receive a copy of the amendment adding his client to the Debtor's schedules or any other formal notice of the Debtor's bankruptcy. Initially, the court notes that only a party, not her attorney, is entitled to notice. Thus, the fact that Harper's attorney did not receive notice is irrelevant. The only indication that Harper herself did not receive no-

tice is a statement in the Plaintiffs' response to that effect. This unverified statement is not sufficient to overcome the presumption that properly mailed notice was received. *Bratton v. Yoder Company (In re Yoder Company)*, 758 F.2d 1114 (6th Cir.1985). However, the court believes that the statement does prevent it from granting the Debtor's motion to dismiss pending proof by Harper that she indeed did not receive notice of the Debtor's bankruptcy at least 30 days prior to the bar date, September 19, 1994. If she cannot so prove, the court will dismiss the complaint as it relates to her.

■ Miller did not receive notice, either formal or inquiry, of the Debtor's bankruptcy 30 days before the bar date for the filing of dischargeability complaints as required in Rule 4007(c). Thus, she is not bound by the September 19, 1994 bar date. Because her debt was not scheduled at least 30 days before the bar date, Miller has been denied the right to timely file a proof of claim and a request for a determination of nondischargeability.