In re Matthew A. GINSBURG, Debtor.

James C. Roberts, Jr., M.D., et al., Plaintiffs,

v.

Matthew A. Ginsburg, Defendant.

Bankruptcy Nos. 98–3194, 97–31472.

United States Bankruptcy Court, N.D. Ohio, Western Division.

March 18, 1999.

---

John N. Graham, Toledo, OH, Chapter 7 Trustee.

Matthew A. Ginsburg, Bay City, MI, for debtor.

Thomas G. Overley, Holland, OH. for defendant.

Erik G. Chappell, Sylvania, OH.

### *MEMORANDUM OPINION, AND DECISION*

RICHARD L. SPEER, Chief Judge.

This cause comes before the Court upon the Debtor's Motion to Dismiss the Plaintiffs' Complaint to Determine Dischargeability of Debt on the basis that it was not timely filed pursuant to FED.R.BANKR.P. 4007(c). A Pre–Trial was held on the Debtor's Motion at which time it was agreed that inasmuch as the issue presented in the Defendant's Motion to Dismiss was solely a question of law, the matter could be disposed of upon the briefs submitted by Parties. The Court has now reviewed the briefs submitted by the Parties' counsel and the arguments and exhibits presented therein, as well as the entire

record of the case. Based upon this review, and for the reasons set forth below, the Court finds that the Plaintiffs' Complaint to Determine Dischargeability of Debt was not timely filed based on the plain meaning of FED.R.BANK. P. 4007(c) and should therefore be DISMISSED.

## FACTS

The facts giving rise to this proceeding are not in dispute. The Defendant–Debtor, Matthew A. Ginsburg (hereinafter "Defendant"), was originally employed by the Plaintiffs, James C. Roberts, Jr., M.D. et. al., (hereinafter "Plaintiffs"), in a fiduciary capacity. However, the Defendant's employment with the Plaintiffs was subsequently terminated because of various property disputes between the Parties and because of allegations of embezzlement.

On April 7, 1997, after being dismissed from his employment with the Plaintiffs, the Defendant filed for relief under Chapter 7 of the United States Bankruptcy Code. The Defendant, however, failed to list, in his original schedule of debts, any potential liabilities that he may have had to the Plaintiffs. Accordingly, the Plaintiffs did not receive the Court's "Notice to Creditors," which set the first meeting of creditors for June 3, 1997, and established the last date for filing objections to discharge or exceptions to discharge as August 4, 1997.

Nonetheless, despite the lack of formal notice afforded to the Plaintiffs of the Defendant's bankruptcy petition, the Plaintiffs did manage to obtain knowledge of the Defendant's bankruptcy petition as early as July 21, 1997; this fact being evidenced by a letter dated July 25, 1997, from the Plaintiffs' counsel indicating receipt of the Defendant's bankruptcy petition on July 21, 1997. See Defendant's Motion to Dismiss—Exhibit "A" at ¶ 6. In addition, the Plaintiffs did eventually receive formal notice of the Defendant's bankruptcy case after the Defendant modified his bankruptcy schedules on December 17, 1997, to include the Plaintiffs as creditors. However, it was not until after receiving formal notice of the Defendant's bankruptcy petition that the Plaintiffs began to take steps to protect their interests. Specifically, on January 27, 1998, the Plaintiffs filed a "Proof of Claim" against the Defendant's bankruptcy estate in the amount of Thirty-eight Thousand Eight Hundred Fifty and 00/100 Dollars ($38,850.00). In addition, on August 19, 1998, the Plaintiffs brought a Dischargeability Complaint against the Defendant pursuant to 11 U.S.C. § 523(a)(4). However, because the Plaintiffs' Complaint to Determine Dischargeability was filed more than Sixteen Months after the Defendant originally petitioned the Court for bankruptcy relief, the Defendant filed a Motion to Dismiss the Plaintiffs' Complaint pursuant to FED.R.BANKR.P. 4007(c).

## LAW

**Federal Rule of Bankruptcy Procedure 4007. Determination of Dischargeability of a Debt.**

(c) Time for Filing Complaint Under § 523(c) in Chapter 7 Liquidation, Chapter 11 Reorganization, and Chapter 12 Family Farmer's Debt Adjustment Cases; Notice of Time Fixed. A complaint to determine the dischargeability of any debt pursuant to § 523(c) of the Code shall be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a). The court shall give all creditors not less than 30 days notice of the time so fixed in the manner provided in Rule 2002. On motion of any party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be made before the time has expired.

**11 U.S.C. § 523 Exceptions to Discharge**

(c)(1) Except as provided in subsection (a)(3)(B) of this section, the debtor shall be discharged from a debt of a kind

specified in paragraph (2), (4), (6), or (15) of subsection (a) of this section, unless, on request of the creditor to whom such debt is owed, and after notice and a hearing, the court determines such debt to be excepted from discharge under paragraph (2), (4), (6), or (15), as the case may be, of subsection (a) of this section.

### DISCUSSION

The Parties stipulated that this case was a Non–Core, but related proceeding. Accordingly, the Parties' have consented to the jurisdiction of this Court to hear the case and issue a final judgment therefrom.

 Rule 4007(c), in conjunction with § 523(c)(1), provides that a creditor who wishes to bring a dischargeability action against a debtor for the types of debts described in paragraphs (2), (4), (6), or (15) of section 523(a), must either file a complaint within sixty (60) days after the date first scheduled for the "Meeting of Creditors" under § 341, or request an extension of time before the sixty (60) day deadline expires. Like the other time limits contained in the Federal Rules of Bankruptcy Procedure, the sixty (60) day time limit imposed by Bankruptcy Rule 4007(c), is strictly construed, and thus is generally non-modifiable. For example, the Bankruptcy Appellate Panel for the Sixth Circuit Court of Appeals has specifically stated that,

> Rule 4007(c) is unambiguous. A complaint to determine dischargeability under S 523(c) must be filed not later than 60 days following the first date set for the meeting of creditors.

*Peerless Insurance Co. v. Miller (In re Miller)*, 228 B.R. 399, 400 (6th Cir. BAP 1999); *see also Byrd v. Alton (In re Alton)*, 837 F.2d 457 (11th Cir.1988); *Centrust Savings Bank v. Duncan (In re Duncan)*, 86 B.R. 288 (Bankr.M.D.Fla. 1988); *In re Ford*, 87 B.R. 641 (Bankr. D.Nev.1988); *Manufacturers Hanover Trust Co. v. Shelton (In re Shelton)*, 58 B.R. 746 (Bankr.N.D.Ill.1986). The only

exception to this rule is that in very extraordinary circumstances a court may at its discretion apply its equitable powers under § 105(a) to enlarge the sixty (60) day time period of Bankruptcy Rule 4007(c). However, to date the only situation where the Sixth Circuit Court of Appeals has found such extraordinary circumstances to exist is when the bankruptcy court itself actually contributed to the creditor filing an untimely complaint. *Nicholson v. Isaacman (In re Isaacman)*, 26 F.3d 629, 632–33 (6th Cir.1994).

 In the instant case, the Plaintiffs do not dispute the Court's foregoing pronouncement of the law, and no assertion is made by the Plaintiffs of any extraordinary circumstances in their case. In addition, the Plaintiffs freely admit that they filed their complaint outside the sixty (60) day time frame. Instead, what the Plaintiffs assert in defense of their Complaint is that, given the special circumstances of their case, Bankruptcy Rule 4007(c) is not actually applicable. Specifically, the Plaintiffs contend that Bankruptcy Rule 4007(c) does not apply to their specific fact situation because they were not listed as creditors in the Defendant's original bankruptcy petition and schedules. The Plaintiff's legal basis for this assertion is that the language of Bankruptcy Rule 4007(c) does not specifically state that, "a Complaint to Determine the Dischargeability of any Debt pursuant to Section 523(c) of the Code must be filed within sixty days after an amendment to the Bankruptcy Petition is made." Defendant's Memorandum in Opposition to Dismiss, pg. 2.

The Supreme Court of the United States has held that the deadlines imposed by the Bankruptcy Rules must be taken at face value, and thus any violations of such deadlines cannot just be simply ignored or excused. *Taylor v. Freeland and Kronz*, 503 U.S. 638, 643–45, 112 S.Ct. 1644, 1648–49, 118 L.Ed.2d 280 (1992). In addition, the Sixth Circuit Court of Appeals has held that the Bankruptcy Rules must be

read in a straightforward and common-sense manner. *Rogers v. Laurain (In re Laurain),* 113 F.3d 595, 597 (6th Cir.1997) citing *Bartlik v. United States Dep't of Labor,* 62 F.3d 163, 165–66 (6th Cir.1995). Taking these two principles together, in order for this Court to even consider accepting the Plaintiffs' argument, the language embodied in Bankruptcy Rule 4007(c) must contain at least some indication that it was not meant to apply to the type of situation the Plaintiffs describe. However, after closely examining the broad and general language contained in Bankruptcy Rule 4007(c), this Court, relying on basic principles of statutory interpretation, rejects the Plaintiffs' contention that Bankruptcy Rule 4007(c) is not applicable simply because the Rule does not specifically state that it applies when a debtor amends his or her bankruptcy schedules. *Bagner v. Blidberg Rothchild Co.,* 84 F.Supp. 973, 974 (E.D.Pa.1949) (It is a fundamental rule of statutory interpretation that a statute general in its language is to be given a general application.) Supporting this supposition is the Plaintiffs failure to cite, and the Court's inability to find, any judicial authority comporting with the Plaintiffs position.

Of course, at first blush this holding would seem to unjustly reward debtors who fail to disclose creditors holding potential claims under paragraphs (2), (4), (6) or (15) of § 523(a). Naturally, if this were the case, the Court would be constrained to adopt an approach contrary to the Rule's plain meaning so as to conform with Rule's true intention. *In re Laurain,* 113 F.3d at 597; *see also United States v. Ron Pair Enters., Inc.,* 489 U.S. 235, 242, 109 S.Ct. 1026, 1031, 103 L.Ed.2d 290 (1989). However, such an interpretation is not required because despite the sixty (60) day

bar imposed upon creditors by Fed. R.Bankr.P. 4007(c), creditors who have potential complaints under paragraphs (2), (4), or (6) of § 523(a), and who fail to file within the sixty (60) day deadline established by Rule 4007(c), do have a viable remedy against the debtor if certain conditions are met. Specifically, § 523(a)(3)(B),[1] which is not affected by Bankruptcy Rule 4007(c), allows a creditor who holds the type of debt enumerated in either paragraphs (2), (4) or (6) of § 523(a) to bring a nondischargeability action against a debtor if the debt at issue was not scheduled in time for the creditor to seek a determination of its dischargeability, unless the creditor had notice or actual knowledge of the debtor's bankruptcy case in time to protect his or her rights. In this case, however, the Plaintiffs, cannot take advantage of § 523(a)(3)(B) as the Plaintiffs' attorney received notice of the Defendant's bankruptcy petition on July 21, 1997; this date being well before the August 4, 1997, deadline in which the Plaintiffs could have protected their rights by filing a dischargeability complaint under § 523(a)(4). *See In re Slaiby,* 50 B.R. 245 (Bankr.D.N.H.1985), *affd,* 57 B.R. 770 (D.N.H.) (notice or actual knowledge is imputed to a creditor or claimant when it is conveyed to someone, such as an attorney, who has clear authority to act for the creditor) citing *Matter of Robertson,* 13 B.R. 726, 733 (Bkrtcy.E.D.Va.1981).

One final issue must be addressed. In the Parties' briefs to the Court it was suggested that if the Plaintiffs could establish that the delay in filing their Complaint was the result of "excusable neglect," the Court would have the Authority under Bankruptcy Rule 9006(b) to extend the sixty (60) day deadline imposed by Bankruptcy Rule 4007(c). While

1. Section 523(a)(3)(B) provides that, "[a] discharge under § 727 of this title does not discharge an individual debtor from any debt neither listed or scheduled under § 521(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing a request for a determination of dischargeability of such debt under one of such paragraphs, unless such creditor had notice or actual knowledge of the case in time for such timely filing and request."

the Court agrees that Bankruptcy Rule 9006(b) does confer upon a bankruptcy court discretionary authority to permit acts to be performed after the expiration of a time limit if the lateness was the result of excusable neglect, the Court disagrees that Bankruptcy Rule 9006(b) is actually applicable in this case. This holding is based upon the language of Bankruptcy Rule 9006(b) which specifically states that a court may only enlarge the time for taking action under Rule 4007(c) "to the extent and under the conditions stated in [that] rule [ ]". Accordingly, as it is well settled that Bankruptcy Rule 4007(c) does not allow a court to enlarge the sixty (60) day period for filing complaints after the deadline has expired, a bankruptcy court cannot enlarge the time period contained in Rule 4007(c) by applying Bankruptcy Rule 9006(b). *See discussion, supra; see also Herndon v. De la Cruz, (In re De la Cruz)*, 176 B.R. 19 (9th Cir. BAP 1994). In addition, even if this Court had the power to extend the time in which the Plaintiffs had to file their Complaint based upon their excusable neglect, the Court simply does not find that the Plaintiffs' actions rise to this level.

■ Excusable neglect for purposes of Bankruptcy Rule 9006(b) can be described as the failure of a person to timely perform a duty due to circumstances which are beyond the reasonable control of the person whose duty it was to perform. *In re Davis*, 936 F.2d 771, 774 (4th Cir.1991); *see also In re Pioneer Inv. Services Co.*, 943 F.2d 673 (6th Cir.1991) (articulating five part test to determine if excusable neglect is applicable for purposes of an analysis under Bankruptcy Rule 9006). Applying this standard to the facts of the case, it is difficult for this Court to conclude there were circumstances beyond the Plaintiffs' control considering that the Plaintiffs did not file their Complaint against the Defendant until more than one year after they received actual knowledge of the Defendant's bankruptcy petition.

In summary, given the plain meaning language of Bankruptcy Rule 4007(c), and the adequate remedies available to creditors who do not receive notice of a debtor's bankruptcy petition, the Court holds, that as a matter of law, the sixty (60) day time limit imposed by Rule 4007(c) for filing dischargeability complaints under paragraphs (2), (4), (6) or (15) of § 523(a) may not be enlarged after the time period has expired. Thus, the Plaintiffs were barred after August 4, 1997, from filing their Dischargeability Complaint under § 523(a)(4). Accordingly, it is

**ORDERED** that Defendant's Motion to Dismiss the Plaintiffs' Complaint be, and is hereby, GRANTED.