**In re Simon J. LI, Debtor.**

**Finova Capital Corp., Plaintiff,**

v.

**Simon J. Li, Defendant.**

**Bankruptcy No. 99–18529DAS.**
**Adversary No. 99–0949.**

United States Bankruptcy Court,
E.D. Pennsylvania.

Dec. 13, 1999.

Daniel T. McGrory, King of Prussia, PA, for debtor.

Raymond Patella, Blank Rome Comisky & McCauley, LLP, Allentown, PA, for plaintiff.

Christine C. Shubert, Tabernacle, NJ, trustee.

Frederic Baker, Ass't. U.S. Trustee, Philadelphia, PA, United States Trustee.

### ORDER/MEMORANDUM

DAVID A. SCHOLL, Bankruptcy Judge.

AND NOW, this 13th day of December, 1999, after a hearing of December 9, 1999, on the issue of whether the Complaint filed by the Plaintiff in the above-captioned proceeding ("the Proceeding") was timely, it is hereby ORDERED as follows:

1. The Complaint is deemed not untimely and the Proceeding shall go forward to trial.

2. The Debtor shall file and serve any Answer to the Complaint on or before December 17, 1999.

3. The Trial of the Proceeding is tentatively scheduled on

TUESDAY, DECEMBER 21, 1999, AT 9:30 a.m. and shall be held in Bankruptcy Courtroom No. 1, Second Floor, 900 Market Street, Philadelphia, PA 19107.

The issue of the timeliness of the Plaintiff's Complaint, initially raised by the Debtor's motion to dismiss the Proceeding, but ultimately deemed by us to be capable of resolution only after a factual hearing of December 9, 1999, is a very close one. The precise instant facts do not appear to have arisen in any of the many cases in this area.

Several of these cases establish the principle that, even if a creditor does not receive the notice of the bar date for filing objections to a debtor's discharge or the dischargeability of a particular debt, as required in the applicable Rules, actual notice of the bankruptcy case, at least within thirty (30) days of the bar date, *but see* page 283 n. 1 *infra*, places the creditor on notice of facts sufficient to deem it capable of ascertaining the bar date. *See In re Dewalt*, 961 F.2d 848, 850–51 (9th Cir.1992) (actual notice seven (7) days before the bar date is nevertheless held inadequate); *In re Sam* 894 F.2d 778, 781 (5th Cir.1990); *In re Green*, 876 F.2d 854 (10th Cir.1989); *In re Alton*, 837 F.2d 457 (11th Cir.1988); *In re Shaheen*, 174 B.R. 424, 427 (E.D.Va.1994) (less than 30 days' notice insufficient); *In re Ginsburg*, 238 B.R. 358, 361–62 (Bankr.N.D.Ohio 1999); and *In re Goldstein*, 123 B.R. 514, 518 (Bankr. E.D.Pa.1991).

However, in each and every one of those cases, it was proven or admitted that the creditor received *actual* notice of the bankruptcy filing prior to the bar date. Here, the Plaintiff denied actual notice until October 13, 1999, the day after the October 12, 1999, bar date, when the Plaintiff's counsel was informed of the filing by the Debtor's bankruptcy counsel. The Complaint, invoking 11 U.S.C. § 523(a)(3)(B), was promptly thereafter filed on October 20, 1999.

The Debtor countered by establishing that, while the Plaintiff was not added to the Debtor's matrix of creditors until August 4, 1999, after the notice of the meeting of creditors and bar date was dispatched on July 16, 1999, the record contains a certification by the Clerk's office that, on August 17, 1999, it sent to the Plaintiff a notice of the change of this case from a no-asset to an asset case, and possibly also sent a notice of a November 19, 1999, bar date for filing claims.

The Plaintiff replied that it did not receive these court notices, pointing out that the suite number of its address was omitted therefrom on the matrix. The Debtor countered again by noting that the Plaintiff's stationary and business cards do not include the suite number, and that only about a half dozen other parties have offices at the Plaintiff's building, suggesting that the address utilized was adequate.

The parties each referenced Local Bankruptcy Rule ("L.B.R.") 1009–(b)(1), which provides as follows:

(b) Addition of Creditor.

(A) An amendment adding a creditor to the debtor's schedule shall be served on that creditor. If the creditor is added after the notice of the § 341 meeting has been mailed, a copy of the notice of the § 341 meeting and any other notices which have been served on all creditors in the case shall be served by the debtor's counsel with the amendment.

The Debtor argued that he did not really add creditors on August 4, 1999, but at that time filed his Schedules, which listed all of his creditors, for the first time. He pointed out that two other creditors added at that time have filed timely challenges to dischargeability of their respective debts. The Plaintiff argued that, irrespective of the absence of a reasonably complete listing of creditors by the Debtor prior to August 4, 1999, it was entitled to the L.B.R. 1009–1(b)(1) notice because it was not previously sent the § 341 meeting notice.

■ The Plaintiff has the better of the L.B.R. 1009–1(b)(1) argument. We hold that, since the plaintiff was added to the matrix after the § 341 meeting notice was mailed, it was entitled to the L.B.R. 1009–1(b)(1) notice.

■ The Debtor nevertheless invoked the "mailbox rule," arguing that the Clerk's certification of the notice of the change of the case to an asset case on August 17, 1999, must be presumed to be actual notice of the bankruptcy case filing

to the Plaintiff, irrespective of its claims of lack of receipt. *See, e.g., Hagner v. United States,* 285 U.S. 427, 430, 52 S.Ct. 417, 76 L.Ed. 861 (1932); and *In re Callahan Motors, Inc.,* 538 F.2d 76, 79 n. 13 (3d Cir.1976). However, we think that the correct rule is that the actual notice necessary to give rise to the rather harsh principle that notice of the bankruptcy is notice of the bar date is *real,* as opposed to presumed, actual notice or notice in *strict* compliance with all applicable rules. The instant notice fails this test, since the requisite L.B.R. 1009–1(b)(1) notice was not dispatched by the Debtor.

■ The decision in *In re Main,* 157 B.R. 786, 787–88 (W.D.Pa.1992), further supports the Plaintiff in its holding that, for the presumption that mail is received to arise, the mailing address used must be complete. However, in the instant factual setting, where the insufficiency of the mailing address is doubtful, we rely more heavily on the lack of strict compliance with the applicable L.B.R. 1009–1(b)(1). *Compare In re Barton,* 82 B.R. 50, 51–52 (W.D.Mich.1985); and *In re Burrier,* 184 B.R. 32, 34–35 (Bankr.N.D.Ohio 1995) (testimony of lack of actual notice does not overcome evidence that a creditor received a properly addressed mail notice). The Debtor could have easily rectified the lack of actual notice by informing the Plaintiff, who unwittingly sued him in state court on September 2, 1999, indicating its lack of actual notice of the bankruptcy case and its stay, at a time long before October 12, 1999.[1]

---

1. Had the Debtor given actual notice to the Plaintiff just before the bar date, we would have been faced with an issue on which the courts are divided. *Compare Dewalt, supra;* and *Shaheen, supra* (at least 30 days notice required), with *Sam, supra* (18 days' notice sufficient); and *Ginsburg, supra* (14 days' notice deemed sufficient).