**In re Robert D. McMICHAEL, III, Debtor.**

**KAMJO CORPORATION, Plaintiff,**

v.

**Robert D. McMICHAEL, III, Defendant.**

**Bankruptcy No. 90–21408–T.
Adv. No. 91–2129.**

United States Bankruptcy Court,
E.D. Virginia,
Norfolk Division.

Sept. 30, 1991.

Dominic P. Lascara, Roy, Forehand, Laine & Larsen, P.C., Chesapeake, Va., for plaintiff.

Jane B. Wrightson, Marcus, Santoro & Kozak, Portsmouth, Va., for debtor.

### MEMORANDUM OPINION

DOUGLAS O. TICE, Jr., Bankruptcy Judge.

This matter came before the court upon the defendant debtor's motion to dismiss as not timely filed the plaintiff's complaint to determine dischargeability of a debt. Hearing was held on August 1, 1991, at which time the court took the matter under advisement. The sole issue to be decided at this time is whether the debtor's failure to list plaintiff as a creditor on his bankruptcy schedules excuses untimely filing of the dischargeability complaint when plaintiff had actual knowledge of the bankruptcy case. For the reasons stated in this opinion the court will grant debtor's motion and dismiss this adversary proceeding.

**662**

### Facts

Plaintiff Kamjo Corporation ("Kamjo") and debtor Robert D. McMichael, III, were co-defendants in an action filed in the Circuit Court for the City of Norfolk. The suit centered around payment of a note issued by Kamjo and assigned to George B. Haycox and Ernie B. Hamblin (plaintiffs in the state court action) by the debtor. By order dated May 3, 1991, Haycox and Hamblin obtained judgment against Kamjo in the circuit court in the amount of $31,322.62 plus interest at 8% per annum from May 3, 1991, until paid. By the same order, Kamjo was granted judgment against the debtor in the same amount.

On March 22, 1990, while the state court action was still pending, the debtor filed for chapter 11 relief. Pursuant to Bankruptcy Rules 4007 and 2002, the clerk of the bankruptcy court provided notice to all creditors listed on debtor's bankruptcy schedules setting June 25, 1990, as the last day for filing complaints to determine dischargeability of debt. Because Kamjo was not listed on the debtor's bankruptcy schedules, it did not receive the notice. However, the bankruptcy case was regularly and openly discussed in the state court litigation to which Kamjo was a party. As a result, Kamjo gained actual knowledge of the bankruptcy. Kamjo was represented by counsel throughout the state court proceeding and has never disputed that it knew of the debtor's bankruptcy case.

On June 11, 1991, nearly one year after the deadline fixed for filing complaints, Kamjo filed with this court a complaint to determine dischargeability of debt pursuant to §§ 523(a)(2) and (c). Debtor then filed the present motion to dismiss.

### Discussion

Kamjo contends that since it was not given notice by the bankruptcy court, the June 25 deadline does not apply. Debtor argues that Kamjo's actual knowledge of the bankruptcy proceeding by means of its participation in the state court action precludes the need for notice by the court. Further, debtor takes the position that any enlargement of the June 25 deadline could only have been granted upon filing of an appropriate motion *within the initial time period for objections.*

Bankruptcy Rule 4007(c) states:

A complaint to determine dischargeability of any debt pursuant to § 523(c) of the code shall be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a). The court shall give all creditors not less than 30 days notice of the time so fixed in the manner provided in Rule 2002. On motion of any party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be made before the time has expired.

Additionally, Rule 9006(b)(3) provides:

The court may enlarge the time for taking action under Rule[s] ... 4007(c) ... only to the extent and under the conditions stated in those rule[s].

■ The Bankruptcy Code and rules clearly require interested parties seeking to enlarge the time period for filing a complaint to determine dischargeability of a debt pursuant to § 523(c) to do so by appropriate motion filed within the time originally fixed by the Code. Therefore, any motion to enlarge the time for filing in this case must have been made no later than June 25, 1990. To date, Kamjo has not filed such a motion.

Instead, Kamjo contends that the provisions of Rule 4007 do not apply since the company was not listed in the debtor's schedules. This contention is unpersuasive in light of Kamjo's actual knowledge of the bankruptcy proceeding.

Bankruptcy Code § 523(a)(3) prohibits discharge of any debt:

neither listed nor scheduled ... with the name, if

known to the debtor, of the creditor to whom such debt is owed, in time to permit—

. . . . .

(B) ... timely filing of a proof of claim and timely request for a determination of dischargeability of such debt ...

*unless such creditor had notice or actual knowledge of the case in time for such timely filing and request.* (emphasis added).

Here, Kamjo had actual knowledge of the case in time to properly file. Furthermore, the court agrees with the persuasive line of cases holding that actual knowledge of the bankruptcy proceeding binds the moving party to inquire as to the time period fixed for filing complaints to determine dischargeability. *See, e.g., In re Ezell,* 116 B.R. 556 (Bkrtcy.N.D.Ohio 1990); *In re Dewalt,* 107 B.R. 719 (9th Cir. BAP 1989) ("An unscheduled creditor with actual notice of the bankruptcy has the burden to inquire as to the bar date for filing a nondischargeability complaint."); *In re Alton,* 64 B.R. 221, 224 (Bankr.M.D.Fla.1986), *aff'd* 837 F.2d 457 (11th Cir.1988).

Plaintiff's actual knowledge afforded ample opportunity to inquire as to the deadline in time to file either a complaint or motion to enlarge. Therefore, the court will grant the debtor's motion to dismiss.