**In re Robin Allen HEINEY, Debtor.**

**The SOPHIR COMPANY d/b/a Sophir Morris Paint Company, Appellant,**

v.

**Robin Allen HEINEY, Appellee.**

**Civil A. No. 95–K–2824.**

United States District Court, D. Colorado.

April 16, 1996.

---

Jean C.P. Arnold, Arnold & Arnold, Littleton, CO, for Plaintiff/Petitioner.

James G. Anderson, Aurora, CO, for Defendant/Respondent.

## MEMORANDUM OPINION AND ORDER

KANE, District Judge.

The appeal raises a question of first impression in this circuit, namely, whether notice to an unscheduled creditor of a bankruptcy filing less than 30 days before the 60– day deadline for filing nondischargeability complaints is adequate under Bankruptcy Rule 4007(c) and the United States Constitution. Judgment creditor Sophir Company ("Sophir") appeals from the bankruptcy court's final order denying it an extension of time in which to file its nondischargeability complaint against Debtor. Relying on the Fifth Circuit decision in *In re Sam*, 894 F.2d 778 (5th Cir.1990), the bankruptcy court concluded notice was sufficient, and denied Sophir's motion for extension of time filed ten days after the 60–day deadline as untimely.

■ I find the analysis in *In re Dewalt*, 961 F.2d 848 (9th Cir.1992), reaching the opposite conclusion, better reasoned. I find 30 days' advance knowledge of a case necessary before a known creditor's nondischargeability complaint may be barred as untimely. The result reached by the bankruptcy court in this case rewards Heiney for negligently (or even fraudulently)[1] failing in his bankruptcy filings to identify a known creditor and punishes Sophir by holding it to the highest standard of diligence in a situation caused by Heiney's misconduct. I reverse and remand this case to the bankruptcy court for further proceedings.

### I. FACTS AND PROCEDURAL HISTORY

The parties have stipulated to the following facts:

1. On December 1, 1994, judgment in the amount of $35,337.11 was entered against Heiney and in favor of Sophir in a case arising out of Heiney's failure to pay Sophir under a Joint Check Agreement.

2. On February 29, 1995, Heiney filed for Chapter 13 bankruptcy protection. On March 10, 1995, Heiney filed his Statement of Financial Affairs and Schedules. Heiney's Schedule F—in which he was to identify creditors holding unsecured nonpriority claims—listed "none" and designated $0 on his Summary of Schedules. Also on March 10, Heiney filed a motion to convert the case to Chapter 7.

3. On March 23, 1995, the Clerk of the Bankruptcy Court mailed a Notice of Commencement of Case Under Chapter 7, scheduling a meeting of creditors for April 21, 1995 and the deadline for filing nondischargeability complaints for June 29, 1995. The Notice was sent only to secured creditors because Heiney had identified no unsecured creditors in his filings. As a result, Heiney's unsecured creditors, including Sophir, did not receive a copy of the Notice.

4. Unaware of the bankruptcy and in an attempt to collect its state court judgment,

---

1. It has been suggested in this case that Heiney deliberately omitted Sophir and all other unsecured creditors from his Chapter 7 schedules.

Because the case was dismissed, there has been no discovery to determine whether the facts bear the assertion out.

Sophir served Heiney with a Rule 69 subpoena on April 23, 1995. Heiney ignored the subpoena and failed to appear for the May 3 hearing. As a result, a bench warrant was issued for his arrest.

5. On June 2, 1995, Heiney filed an Amendment to Schedules listing 16 unsecured creditors with unsecured debt totalling $62,875.67. The list included Sophir.

6. Heiney's counsel mailed a reduced[2] photocopy of the Notice of Commencement of Case Under Chapter 7 to the unsecured creditors on June 1, 1995. Sophir received the Notice on June 2, 1995, 18 days before the bar date, and forwarded it to counsel.

7. Sophir's counsel received the Notice on June 5, 1995, and immediately began preparing a complaint objecting to discharge. Counsel contacted the bankruptcy court on June 30, learning only then that the 60 day period for filing nondischargeability complaints had expired ten days earlier. Counsel mailed Sophir's Complaint and Motion for Extension of Time the same day.

8. The Motion for Extension of Time was directed to Judge Krieger as the judge presiding over the Chapter 7 case. The Complaint, which initiated a separate adversary proceeding, was directed to Judge Cordova.

9. The Debtor was discharged by Order dated July 10, 1995.[3]

10. Judge Krieger considered Sophir's motion for extension of time at a hearing held on September 20, 1995, and issued an order denying the motion as untimely the following day. As a result, Judge Cordova granted Heiney's motion to dismiss Sophir's Complaint objecting to discharge.

11. Sophir filed a Motion to Alter or Amend Judgment and Request for Additional Findings with Judge Krieger on September 29, 1995. Sophir filed a similar motion with respect to Judge Cordova's Order of Dismissal on October 6, 1995.

12. In a written order dated October 27, Judge Krieger reaffirmed her September 21 Order denying Sophir's motion for extension of time as untimely. (R.Vol. I, Tab 39.)

13. Sophir filed its appeal from Judge Krieger's October 27 Order on November 6, 1995.

14. On November 14, 1995, at a hearing on Sophir's Motion to Alter or Amend the Order of Dismissal, Judge Cordova ordered the adversary proceeding held in abeyance pending resolution of the appeal. Judge Cordova agreed the issue was one of first impression in this circuit and suggested Sophir request an expedited appeal. *See* Tr. of Nov. 14, 1995 Hg. (R.Vol. III) at 10–11.

## II. *STANDARD OF REVIEW*

■ I have jurisdiction over this appeal under 28 U.S.C. § 158. The bankruptcy court's legal conclusions are subject to review *de novo*. *Phillips v. White (In re White),* 25 F.3d 931, 933 (10th Cir.1994).

## III. *DISCUSSION*

Bankruptcy Rule 4007(c) states as follows:

**(c) Time for Filing Complaint Under § 523(c) in Chapter 7 Liquidation, Chapter 11 Reorganization, and Chapter 12 Family Farmer's Debt Adjustment Cases; Notice of Time Fixed.** A complaint to determine the dischargeability of any debt pursuant to § 523(c) of the Code shall be filed no later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a). The court shall give all creditors not less than 30 days notice of the time fixed to all creditors in the manner provided in Rule 2002. On motion of any party in interest after hearing on notice the court may for cause extend the time fixed under this subdivision. The motion shall be made before the time has expired.

Construing the final sentence of the rule strictly and finding it unaffected by the provision requiring 30 days notice to creditors of the bar date, Judge Krieger denied Sophir's

---

**2.** The photocopying process reduced the four-page Notice to one page. At oral argument, counsel for Heiney conceded the April 21 creditors' meeting date and June 25 bar date were illegible.

**3.** The Order discharging Heiney was not made part of the record on appeal, but is stipulated to by the parties.

motion for extension of time as untimely. October 27 Order (R.Vol. I, Tab 39) at 3. The limitations period for filing requests for extensions of time, the court reasoned, has the force and effect of statute and cannot be ignored or abrogated by a court sitting in equity. *Id.*

With respect to Sophir's assertion that due process required a minimum of 30 days notice of the bar date, Judge Krieger was persuaded by the reasoning of the Fifth Circuit Court of Appeals in *In re Sam*, 894 F.2d 778 (5th Cir.1990). In *Sam*, the Fifth Circuit upheld the dismissal of a creditor's complaint to except a debt from discharge on the ground that it was not timely filed even though the creditor received only 18 days notice of the bar date. The court held that the notice requirement of Rule 4007(c) is satisfied when the creditor has actual knowledge of the case in time to permit him to take steps to protect his rights. *Id.* at 781. "Under such circumstances, technical compliance with Rule 4007(c)'s requirement that the creditor receive thirty days notice of the bar date frustrates the expeditious and efficient administration of cases in the bankruptcy court and is unnecessary to provide adequate notice." *Id.*

Applying *Sam* to the facts of this case, Judge Krieger reasoned Heiney's failure to give Sophir 30 days notice did not release Sophir from its duty to inquire about filing deadlines and to file its motion for extension of time before those deadlines expired. October 27 Order (R.Vol. I, Tab 39) at 3. The result would not leave Sophir remediless, Judge Krieger concluded, because a creditor who is foreclosed from timely filing a complaint to determine dischargeability due to a debtor's late scheduling or inadequate notice may assert under § 523(a)(3) that the debt be excepted from discharge. *Id.*

I disagree both that a strict construction of Rule 4007(c) mandates the result reached and that the notice provided by Heiney satisfied due process.

### A. *Rule 4007(c)*

■ Statutory interpretation requires a court to adhere to the plain meaning of the

statute and to endeavor to give effect to all sections and words. *Resolution Trust Corp. v. Westgate Partners, Ltd.*, 937 F.2d 526, 529 (10th Cir.1991). The second sentence of Rule 4007(c) mandates that a creditor receive "no less than" 30-days notice of the 60-day period for filing dischargeability complaints before the bankruptcy court may foreclose his right to participate in the process. The fourth sentence requires that any motions to extend the bar date be filed before the 60-day period expires. The Fifth Circuit in *Sam* found technical compliance with the 30-day notice provision "frustrates the expeditious and efficient administration of cases in the bankruptcy court and is unnecessary to provide adequate notice." 894 F.2d at 781.

I agree with the Ninth Circuit that this interpretation is contrary to the statutory language of § 523 and Rule 4007(c) by placing even the most conscientious of creditors in a position where, because of the negligence of the debtor, a motion of extension of time is their only option. *See In re Dewalt*, 961 F.2d at 850. As the Ninth Circuit points out, scheduled creditors not only receive notice of the bar date and initial creditors' meeting under Rules 4007(c) and 2002, but usually receive more than 30-days notice. *Id.* at 851 (citing Collier on Bankruptcy ¶ 4007.05[2] (15th ed. 1991) ("in most cases, creditors actually receive at least 80 days notice of the deadline for filing dischargeability complaints")). Those creditors do not need the protection offered by the second sentence of Rule 4007(c). *Shaheen v. Penrose (In re Shaheen)*, 174 B.R. 424, 427 (E.D.Va.1994) (applying *Dewalt*). Creditors like Sophir, however, who do not receive notice of the initial meeting and are later appended to the debtor's petition, require some adequate notice of the filing deadline before the bankruptcy court discharges the debtor's obligations to them.

■ In order for the second sentence of Rule 4007(c) to have meaning, the 30-day requirement necessarily applies to those later scheduled creditors who receive notice less than 30 days before the original 60 day deadline expires.[4] An interpretation of the

---

4. Of course, formal notice of the bar date is not    required. A creditor with actual knowledge of a

Rule that compels an unscheduled creditor to act at penalty of default when it learns of a bankruptcy fewer than 30 days before the bar date not only holds the creditor to an unreasonable standard of diligence vis à vis a negligent debtor, but also renders the second sentence of the Rule meaningless. *Shaheen*, 174 B.R. at 427; *accord Harper v. Burrier (In re Burrier)*, 184 B.R. 32, 34 (Bankr. N.D.Ohio 1995).

The purpose which animates the interpretation of rules and statutes is the same purpose which governs all judicial functions— namely, to accomplish justice within a structure that provides predictable results. To suggest that we should engage in strict construction, without evaluating whether functional justice is realized merely to achieve expeditious and efficient administration, is to view law as a system of valueless mechanics and computations. The very existence of a rule must be based on some social purpose or value rather than on abstractions of grammar or punctuation.

Moreover, the bankruptcy court's suggestion that § 523(a)(3) affords Sophir a remedy in this case is illusory. Section 523(a)(3) allows unscheduled creditors to challenge a discharge under § 727 *"unless* such creditor[s] had notice or actual knowledge of the case in time for such timely filing." 11 U.S.C. § 523(a)(3)(A) & (B) (emphasis added). The section is silent as to what constitutes a "timely" filing. As the Ninth Circuit did in *Dewalt*, the logical approach is to look to Rule 4007(c), the Rule implementing § 523, for guidance. In *Dewalt*, the court applied the 30–day notice provision in Rule 4007(c) to § 523, and found 30 days is "the minimum time within which it is reasonable to expect a creditor to act at the penalty of default." 961 F.2d at 851. By reading the 30–day requirement out of Rule 4007(c) in this case, the bankruptcy court also foreclosed the possibility of a remedy under § 523(a)(3).

Finally, the bankruptcy court's conclusion in this case may force creditors who receive

late notice of a bankruptcy to seek an extension before determining that their claims for nondischargeability have merit. As the Ninth Circuit concluded in *Dewalt*, no purpose is served by burdening the parties and the bankruptcy court with such possibly unwarranted motions. "The creditor should have time to review the merits and file a complaint of nondischargeability only if it is justified." 961 F.2d at 851. There is no basis under Rule 4007(c) to compel a creditor who, through no fault of its own, receives notice of a bankruptcy fewer than 30 days before the 60–day bar date to file a motion for extension of time "simply to [be] return[ed] ... to the position it would have occupied if properly scheduled." *Id.* at 851 (citing 107 B.R. at 724–25).

### B. *Due Process*

The purpose of due process in the setting of bankruptcy cases is to give the parties sufficient notice in order to afford them an opportunity to participate and to appear and object at hearing if the need arises. Together with the bankruptcy court's strict construction of Rule 4007(c), Heiney's failure to schedule Sophir, a known judgment creditor, caused Sophir to lose these rights.

The Supreme Court has made clear that Fifth Amendment due process considerations take precedence over the discharge provisions of the Bankruptcy Code where the debtor has knowledge of claims but fails to inform claimants of the pendency of the proceedings. *In re Eliscu*, 85 B.R. 480, 482 (Bankr.N.D.Ill.1988) (citing *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950)). By elevating "uniformity and expeditious handling of bankruptcy matters," October 27 Order (R.Vol. I, Tab 39) at 3, over Sophir's right to participate in the creditors' meeting and the bankruptcy proceedings generally, I find the bankruptcy court ran afoul of *Mullane*.

In balancing the same equities in *Dewalt*, the Ninth Circuit ruled in favor of the un-

---

debtor's bankruptcy has an obligation to inquire as to the last day for filing dischargeability actions or risk having its claim barred. *See Yukon Self Storage Fund v. Green (In re Green)*, 876 F.2d

854, 856 (10th Cir.1989) (creditor without formal notice of bar date but with actual notice of bankruptcy petition shortly after filing was bound thereby).

scheduled creditor. In *Dewalt*, the debtor listed an inaccurate name and address for a creditor on the initial petition such that the creditor did not receive notice of its filing. 961 F.2d at 849. Seven days before the 60–day deadline for filing complaints, the creditor received actual, rather than formal, notice of the bankruptcy. The creditor did not seek an extension before the deadline. The bankruptcy appellate panel held that because the creditor had actual knowledge of the bankruptcy and could have filed for an extension of time before the deadline expired, the creditor's late-filed complaint was untimely. *Id.*

The Ninth Circuit reversed, adopting the dissenting opinion of the bankruptcy appellate panel. *Dewalt*, 961 F.2d at 851 (discussing Judge Russell's dissent, 107 B.R. 719, 723–29 (9th Cir. BAP 1989)). The result reached by the panel majority, it concluded, "unfairly punishes creditors, holding them to the highest standards of diligence in a situation caused by the negligence of a debtor, and rewarding the debtor, in effect, for negligent filing." *Id.* at 850.

A debtor's unilateral decision that a creditor is not owed a debt or worse, a deliberate decision to omit known creditors, cannot be allowed to circumvent the creditor's right to notice. *See In re Walker*, 149 B.R. 511, 516 (Bankr.N.D.Ill.1992). To do so creates perverse incentives for debtors to manipulate the process to gain unfair advantage over creditors. Accordingly,

I REVERSE the bankruptcy court's October 27 Order denying Sophir's motion for extension of the 60–day bar date for filing its nondischargeability complaint against Debtor Heiney. The matter is REMANDED to the bankruptcy court for further proceedings in accordance with this decision.