**In re Elizabeth BATEMAN, Debtor.**

**Alexis M. Herman Secretary of Labor United States Department of Labor, Plaintiff,**

**v.**

**Elizabeth Bateman, Defendant.**

**Bankruptcy No. 99–2–1790PM.**

**Adversary No. 00–1–AP380PM.**

United States Bankruptcy Court, D. Maryland, at Greenbelt.

Oct. 12, 2000.

---

3. Appellant asserts that although it filed a motion to dismiss its own case, the dismissal was not "voluntary." Paper no. 11 at 7. As explained in the text of this opinion, however, whether the dismissal was "voluntary" has no bearing on the disposition of this case.

James Greenan, Stephen Metz, Greenbelt, MD, for defendant-debtor.

Joan Roller, Richard Buchanan, Catherine Murphy, Philadelphia, PA, for plaintiff.

Michael Wolff, Rockville, MD, Chapter 7 Trustee.

Clifford White, Greenbelt, MD, for Assistant United States Trustee.

## MEMORANDUM OF DECISION

PAUL MANNES, Chief Judge.

Before the court is Defendant's Motion to Dismiss the Complaint to Establish Non–Dischargeability of Debt (the "Motion to Dismiss") and Plaintiff's opposition thereto. Based on the arguments presented, the pleadings and exhibits filed, and the record herein, the court concludes as follows.

### UNDISPUTED FACTS

Elizabeth Bateman (the "Debtor" or "Defendant") filed for protection under chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") on October 8, 1999. The Debtor was a trustee of GNM & Associates' ("GNM") Employee Profit Savings and 401(k) Plan (the "Plan") and vice-president of GNM.[1] The Plan is

---

1. GNM & Associates, Inc. filed a petition for chapter 11 relief with this court on June 24, 1999, Bankruptcy Case Number 99–1–7666. The case was converted to one under chapter

an ERISA employee benefit plan. During the period January 1, 1997, to June 24, 1999, GNM withheld contributions to the Plan from employee paychecks but did not deposit those contributions into the Plan. These undeposited contributions totaled $62,607.74. In April 1999, the Debtor was fired as a director and trustee of the Plan.[2] An investigation of the Plan by the Pension and Welfare Benefits Administration ("PWBA") ensued. The Secretary of Labor, United States Department of Labor (the "Plaintiff" or "DOL"), is empowered to sue ERISA plan trustees for failure to perform fiduciary duties. The record is not clear as to when the investigation by the PWBA began.

The Debtor did not schedule the DOL, the Plan, nor the participants as creditors. Thus, the DOL did not receive notice from the Bankruptcy Court of the filing of Debtor's bankruptcy case or of the deadline for filing dischargeability complaints under 11 U.S.C. § 523(c), commonly referred to as the "bar date." Notice of the bar date appears on Official Bankruptcy Form 9A, "Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors & Deadlines." The bar date is fixed by Federal Rule of Bankruptcy Procedure 4007(c) that provides:

> A complaint to determine the dischargeability of a debt under § 523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a). The court shall give all creditors no less than 30 days' notice of the time so fixed in the manner provided in Rule 2002. On motion of a party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be filed before the time has expired.

Fed.R.Bankr.P. 4007(c). Enlargement of the time to file dischargeability complaints is governed by Federal Rule of Bankruptcy Procedure 9006(b)(3) that provides:

> (3) Enlargement Limited. The court may enlarge the time for taking action under Rules 1006(b)(2), 1017(e), 3002(c), 4003(b), 4004(a), 4007(c), 8002, and 9033, only to the extent and under the conditions stated in those rules.

Fed.R.Bankr.P. 9006(b)(3). Thus, the court is without power to grant an extension of time to file a dischargeability complaint under 11 U.S.C. § 523(c)[3] once the bar date has passed. The bar date for this case was January 10, 2000. Nothing in the record indicates that Debtor's failure to schedule the DOL was done in bad faith or to avoid giving notice to the DOL of the filing of this case.

The DOL filed an adversary proceeding on June 26, 2000, to establish non-dischargeability of debt (the "Complaint") alleging, among other things, that the Debtor shirked her responsibilities as a trustee by failing to take appropriate steps to assure that the employees' money was deposited in the Plan. The DOL also alleges that the Debtor may have taken a distribution of her entire account balance from the Plan because she knew that GNM was in financial difficulties.

It is undisputed that the Plaintiff learned of the Debtor's bankruptcy filing on December 15, 1999, prior to the bar date of January 10, 2000. Senior Investigator Elizabeth Bond of the PWBA, who was assigned to conduct the PWBA's investigation of the Plan, received a facsimile transmission of a letter from GNM's attorney stating that Elizabeth Bateman

---

on the motion of the United States Trustee by an Order entered April 26, 2000. The court has under consideration a motion of the Chapter 7 Trustee to dismiss the GNM case. GNM's principal fled to Italy and has not made himself available for the meeting of creditors held under 11 U.S.C. § 341(a). The appearance of counsel for GNM has been stricken.

**2.** Gaetano Musto and William Allen were also trustees of the plan.

**3.** Hereinafter all references to sections will be to the Bankruptcy Code unless otherwise stated.

had filed bankruptcy. A copy of the letter was sent by facsimile transmission to the DOL's regional counsel, Joan M. Roller, of the Office of the Solicitor. However, it was not until February 15, 2000 that the Plaintiff filed a motion for an extension of time to file an adversary action (the "Motion for an Extension of Time"), citing the fact that the PWBA had not completed its investigation of the Plan and did not know whether the Debtor had violated ERISA. The Motion for an Extension of Time was denied by an Order entered April 26, 2000.[4] It was untimely, because as explained above, an extension sought pursuant to Federal Rule of Bankruptcy Procedure 9006(b)(3) is subject to the requirement of Rule 4007(c) that it must be "filed before the time had expired." *See Coggin v. Coggin (In re Coggin)*, 30 F.3d 1443, 1448 n. 7 (11th Cir. 1994); *Farouki v. Emirates Bank Int'l*, 14 F.3d 244, 246–48 (4th Cir.1994).

However, this court noted that "[i]f the DOL decides to file a complaint pursuant to 11 U.S.C. § 523(a)(3)(B), the court will then decide whether the 26–day notice that the DOL had before the bar date was sufficient to enable it to take timely action." Memorandum of Decision, p. 7. The DOL filed the Complaint on June 26, 2000, over five (5) months after the deadline for filing such complaints had passed. The court held a hearing on the Debtor's Motion to Dismiss on August 28, 2000.

## DISCUSSION

While the parties agree that the facts concerning how and when the DOL received notice of the filing of this case are not in dispute, the DOL argues that it is entitled to a minimum of thirty days' notice of the bar date for filing a complaint to determine dischargeability of a debt under § 523(c). The court will treat the Motion to Dismiss as one for summary judgment. *See* Fed.R.Civ.P. 12(b); Fed. R.Bankr.P. 7012(b). Summary judgment

pursuant to Federal Rule of Civil Procedure 56 is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact." Fed.R.Civ.P. 56(c); Fed.R.Bankr.P. 7056. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is taken as true and all justifiable inferences must be drawn in that party's favor. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986).

The issue presented is whether the DOL had actual notice of the Debtor's bankruptcy case in sufficient time to enable it to file a timely complaint objecting to the dischargeability of a debt under § 523(a)(4). Inasmuch as the DOL was not listed as a creditor, § 523(a)(3)(B) is applicable. 11 U.S.C. § 523(a)(3)(B) states as follows:

> (a) A discharge under section 727 ... of this title does not discharge an individual debtor from any debt—
>
> > (3) neither listed nor scheduled under section 521(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit—
> >
> > > (B) if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim and timely request for a determination of dischargeability of such debt under one of such paragraphs, unless such creditor had notice or actual knowledge of the case in time for such timely filing and request.

The central issue focuses on the "unless such creditor had notice or actual knowl-

---

**4.** A copy of this court's Memorandum of Decision dated April 26, 2000, is attached as Exhibit A to the within Memorandum of Decision.

edge ..." clause of § 523(a)(3)(B). As stated in Collier:

> Actual knowledge of the case for purposes of this discharge exception is knowledge received in time to allow a creditor to timely file a claim and to timely file a complaint to determine the dischargeability of the debt if it falls within the ambit of section 523(a)(2), (a)(4), (a)(6) or possibly (a)(15).

Collier on Bankruptcy, ¶ 523.09[4][b], at 523–69 (15th ed. rev.2000). In order to ensure the debtor a fresh start, if an unlisted creditor has notice or actual knowledge of a bankruptcy filing and fails to file a complaint within the deadline under Rule 4007, a complaint pursuant to § 523(a)(2), (4) or (6) is barred as untimely.[5] *See, e.g., Lawrence Steel Erection Co., Inc. v. Piercy (In re Piercy)*, 140 B.R. 108, 110–11 (Bankr.D.Md.1992). Courts have consistently held that where a creditor has actual knowledge of the bankruptcy filing pursuant to § 523(a)(3), that creditor has not been deprived due process rights. *See, e.g., GAC Enterprises, Inc. v. Medaglia, (In re Medaglia)*, 52 F.3d 451, 457 (2d Cir.1995); *Grossie v. Sam (In re Sam)*, 894 F.2d 778, 781–82 (5th Cir.1990); *Yukon Self Storage Fund v. Green (In re Green)*, 876 F.2d 854, 857 (10th Cir.1989).

■ There is no question that the DOL had actual knowledge of the filing of the Debtor's bankruptcy case within the meaning of § 523(a)(3)(B). However, the DOL argues that this court should conclude that every creditor is entitled to learn about the bar date for filing a complaint objecting to dischargeability at least thirty days before it takes effect. The DOL cites case law

that seize upon the language in Bankruptcy Rule 4007(c) as follows:

> A complaint to determine the dischargeability of a debt under § 523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a). *The court shall give all creditors no less than 30 days' notice of the time so fixed in the manner provided in Rule 2002.*

Fed.R.Bankr.P. 4007(c) (emphasis added). This is an issue of first impression for this court.

Most courts hold that thirty days' minimum notice of the bar date is not required. *See In re Marino*, 195 B.R. 886, 894 (Bankr.N.D.Ill.1996). The DOL urges to the contrary. It concedes that its chief investigator as well as its regional counsel had actual notice of the filing of Elizabeth Bateman's case twenty-six days prior to the bar date. However, the DOL bases its reasoning upon such cases as *Manufacturers Hanover v. Dewalt (In re Dewalt)*, 961 F.2d 848 (9th Cir.1992) (based on the facts and in the great majority of cases, thirty days' advance knowledge is necessary and sufficient); *Sophir Co. v. Heiney (In re Heiney)*, 194 B.R. 898 (D.Colo.1996) (18 days' notice of bankruptcy filing was not sufficient);[6] *Shaheen v. Penrose (In re Shaheen)*, 174 B.R. 424 (E.D.Va.1994) (12 days' notice insufficient). Based on the undisputed facts of this case, this court declines to follow this case law.

The DOL's argument that at a minimum a plaintiff filing a case under § 523(c)(1) must have thirty days' notice is misguided. This misdirection springs from a sentence

---

**5.** Note that the protection of § 523(a)(3)(B) does not extend to creditors holding claims that may not be dischargeable under § 523(a)(15). This is a technical error. *See* Claude R. Bowles et al., *What the Bankruptcy Code Giveth, Congress Taken Away: The Dischargeability of Domestic Obligations after the Bankruptcy Reform Act of 1994*, 34 U. Louisville J.Fam.L. 521, 603–04 (1994); *In re Harrison*, 206 B.R. 910, 912 n. 1 (Bankr. E.D.Tenn.1997).

**6.** The court in *Heiney* also distinguished those creditors who are later scheduled and receive notice from the court from those that obtain actual knowledge of the filing without official notice and noted that "[o]f course, formal notice of the bar date is not required. A creditor with actual knowledge of a debtor's bankruptcy has an obligation to inquire as to the last day for filing dischargeability actions or risk having its claim barred." 194 B.R. at 902 n. 4.

in Federal Rule of Bankruptcy Procedure 4007(c), "[t]he court shall give all creditors no less than 30 days' notice of the time so fixed in the manner provided in Rule 2002." This sentence may be viewed as the vestigial organ of the Bankruptcy Rules. It accomplishes nothing. The notice provided by the court of the bar date appears in Official Bankruptcy Forms 9A (Chapter 7 Individual or Joint Debtor No Asset Case), 9C (Chapter 7 Individual or Joint Debtor Asset Case), 9E (Chapter 11 Individual or Joint Debtor Case), and 9G (Chapter 12 Individual or Joint Debtor Family Farmer). This is the notice that the court provides to all parties in interest. No other notice is required of the court.

This Bankruptcy Rule anomaly can be traced to § 58b of the Bankruptcy Act of 1898, formerly 11 U.S.C. § 94 (1970) (Repealed 1978). That section provided "(b) [t]he court shall give at least thirty days' notice by mail of the last day fixed by its order ... for the filing of applications pursuant to paragraph (2) of subdivision (c) of section 35 of this title to determine the dischargeability of debts...." Present § 523(c) is taken from § 17(c)(2) of the Bankruptcy Act of 1898, formerly 11 U.S.C. § 35 (1970) (Repealed 1978).

Thereafter, Bankruptcy Rules and Official Forms were transmitted by the Supreme Court to Congress on April 24, 1973, and became law. Bankruptcy Rule 409(a)(2) provided:

The court shall make an order fixing a time for the filing of a complaint to determine the dischargeability of any debt pursuant to section 35(c)(2) of this title. The time shall be not less than 30 days nor more than 90 days after the first date set for the first meeting of creditors, except that if notice of no dividend is given pursuant to 203(b), the court may fix such time as early as the first date set for the first meeting of creditors.

Official Form 12, annexed to the 1973 Bankruptcy Rules, would thereupon have the bar dates inserted for filing complaints to dischargeability of debts. The court had discretion in fixing the date. *See Neeley v. Murchison*, 815 F.2d 345, 346 (5th Cir.1987); *In re Marino*, 195 B.R. 886, 892 (Bankr.N.D.Ill.1996).

The thirty-day provision in current Bankruptcy Rule 4007(c) accomplishes nothing under the present bankruptcy law. Courts no longer set the bar date. Federal Rule of Bankruptcy Procedure 4007(c) now fixes the bar date at sixty days after the first date set for the meeting of creditors. Additionally, pursuant to former Rule 906(b), the court could grant an extension of time for a late filed request to file a complaint to determine dischargeability based upon excusable neglect. Under the existing Bankruptcy Rules, the court may not grant such extensions. *See* Fed.R.Bankr.P. 9006(b)(3). The fixed bar date and the restraint placed upon the court from granting an extension denote a strong intent of the drafters to "enable[ ] the debtor and creditors to make better-informed decisions early in the proceedings." *Neeley*, 815 F.2d at 346–47.

■ The bankruptcy court has no authority to extend the time limitations set forth in Bankruptcy Rule 4007(c). *See* Fed.R.Bankr.P. 9006(b)(3). As stated by the Bankruptcy Court for the Northern District of Illinois:

Bankruptcy Rules 4007(c) and 9006(b)(3) were intended to allow that actual knowledge of a pending bankruptcy proceeding may be sufficient to bar the claim of a creditor who took no action, whether or not that creditor received the requisite formal and official notice from the court of various relevant dates.

*In re Marino*, 195 B.R. 886, 892 (Bankr. N.D.Ill.1996). Where a creditor has actual knowledge of the bankruptcy case, notice from the clerk's office is irrelevant. It is widely recognized that the creditor with knowledge of the bankruptcy case has the burden of inquiry as to the bar date. *See Bishop v. Shrum*, 148 B.R. 619, 621 (D.Kan.1992) ("[t]he common thread run-

ning through the majority view is that the Bankruptcy Code places the burden on creditors to act to protect their rights."). *See also Durham Ritz v. Williamson (In re Williamson)*, 15 F.3d 1037, 1039–40 (11th Cir.1994); *Grossie v. Sam (In re Sam)*, 894 F.2d 778, 781 (5th Cir.1990); *Marino*, 195 B.R. at 892–94; *Kamjo Corp. v. McMichael (In re McMichael)*, 146 B.R. 661, 663 (Bankr.E.D.Va.1991); *Pavlik v. Burdel (In re Burdel)*, 126 B.R. 278, 280 (Bankr.N.D.Ohio 1991).

The original committee note for Rule 4007 provides no guidance as to why the thirty-day provision remains. It states as follows, in relevant part:

> This rule prescribes the procedure to be followed when a party requests the court to determine dischargeability of a debt pursuant to § 523 of the Code. Although a complaint that comes within § 523(c) must ordinarily be filed before determining whether the debtor will be discharged, the court need not determine the issues presented by the complaint filed under this rule until the question of discharge has been determined under Rule 4004. A complaint filed under this rule initiates an adversary proceeding as provided in Rule 7003....
>
> Subdivision (c) differs from subdivision (b) by imposing a deadline for filing complaints to determine the issue of dischargeability of debts set out in § 523(a)(2), (4) or (6) of the Code. The bankruptcy court has exclusive jurisdiction to determine dischargeability of these debts. If a complaint is not timely filed, the debt is discharged. See § 523(c).

Fed.R.Bankr.P. 4007(c) advisory committee's note (1983). Later amendments are not pertinent.

The thirty-day provision is confusing at best. It says nothing about what occurs if it is not honored. Just as Federal Rule of Criminal Procedure 49(c) mandates that the clerk give notice of the entry of an order in a criminal case, there is no reme-dy if the clerk fails to do so. The results of such a failure in a criminal case are far more harsh because the defendant whose motion for a new trial is denied and fails to receive notice thereof is barred from prosecuting an appeal. *See* Fed.R.App.P. 4(b)(1)(A) and 4(b)(4); *United States v. Rapoport*, 159 F.3d 1 (1st Cir.1998); *United States v. Green*, 89 F.3d 657 (9th Cir. 1996); *United States v. Schuchardt*, 685 F.2d 901 (4th Cir.1982).

Many courts have been presented with cases having similar facts as the case at hand. The greater number of these courts hold that § 523(a)(3)(B) and Rule 4007(c) do not mandate that there be an absolute minimum of thirty days' notice of the bar date. Fewer days may provide sufficient notice for timely filing of a complaint under § 523(c).

Perhaps the most often cited case for this proposition is that of the Fifth Circuit in *In re Sam. Grossie v. Sam (In re Sam)*, 894 F.2d 778 (5th Cir.1990). In *Sam*, the creditor, Grossie, was not listed as a creditor at the time of conversion of the case from Chapter 11 to Chapter 7. Neither Grossie nor his attorney received a copy of the notice of bankruptcy, Official Bankruptcy Form 9A. The notice provided the date of the meeting of creditors and the bar date of January 11, 1988. However, the debtors' attorney sent Grossie's attorney a notice of automatic stay on December 22, 1987. The notice identified the court, the name of the debtors, the case number, and the name of debtors' counsel. On January 7, 1988, the debtors amended their schedules to include Grossie. Grossie filed a motion objecting to the discharge of his claim on February 10, 1988, that was returned to him with a deficiency notice. An adversary proceeding was filed on February 17, 1988, approximately one month after the bar date.

The Fifth Circuit affirmed the dismissal of the complaint as time barred, finding that Grossie had actual knowledge of the case in time to enable him to take steps to

protect his rights. *Id.* at 781–82. The Fifth Circuit aptly stated:

> When a creditor is aware of the pendency of bankruptcy proceedings, the imposition of a duty on the part of the creditor to make an inquiry to determine the date of the first meeting of creditors, and to consult Bankruptcy Rule 4007(c) and calculate the bar date (sixty days after the date set for the initial creditors' meeting) is not so burdensome as to outweigh the need for expeditious administration of bankruptcy cases.

*Id.* at 781. The court noted that parties are insured of a set period to determine which debts are subject to an exception to discharge, thus promoting the necessity for expeditious and efficient administration of bankruptcy cases. *Id.* at 781. *See also Neeley v. Murchison,* 815 F.2d 345 (5th Cir.1987) (where bankruptcy clerk's office omitted deadline in notice and informed creditor that no deadline was set, creditor had notice of the filing and ample opportunity to protect his rights under § 523(c)). Finally, the Fifth Circuit addressed the superfluous thirty-day provision in Bankruptcy Rule 4007(c) as follows:

> Under such circumstances [where creditor has actual knowledge], technical compliance with Rule 4007(c)'s requirement that the creditor receive thirty days notice of the bar date frustrates the expeditious and efficient administration of cases in the bankruptcy court and is unnecessary to provide adequate notice.

*See Sam,* 894 F.2d at 781.

The Eleventh Circuit has ruled similarly. *Durham Ritz, Inc. v. Williamson (In re Williamson),* 15 F.3d 1037 (11th Cir. 1994). In *Williamson,* the court found that even though the creditor received less than thirty days' notice from the bankruptcy clerk of the bar date for filing a dischargeability complaint, the "sixty day deadline applies regardless of the thirty day notice if the creditor has actual notice of a bankruptcy proceeding and sufficient time to file a dischargeability complaint."

*Id.* at 1039. In *Williamson,* the bankruptcy clerk's office issued a notice stating that the deadline was "to be set." The court found that such notice does not relieve the creditor of its duty to file within the time period set forth in Bankruptcy Rule 4007. With respect to the deadlines in the Bankruptcy Code and Rules, the court quoted:

> 'The time specifications set out in the Bankruptcy Code are sufficiently clear to have placed an obligation on [the creditor] to follow the case and to take the timely action necessary to pursue [its] claim.'

*Id.* at 1040 (quoting *In re Alton,* 837 F.2d 457, 459 (11th Cir.1988)).

Finally, the Second Circuit has ruled that lack of formal notice from the court is irrelevant to situations in which the creditor obtains actual knowledge of the case as contemplated in § 523(a)(3)(B). *GAC Enterprises, Inc. v. Medaglia (In re Medaglia),* 52 F.3d 451, 454–55 (2d Cir.1995). In *Medaglia,* the creditor obtained actual notice of the bankruptcy filing fifty-seven days prior to the bar date but never received formal notice from the clerk's office. The creditor filed its non-dischargeability complaint after the bar date and argued that § 523(a)(3)(B) is to be read in light of the Bankruptcy Rules requiring notice to creditors. *Id.* at 454. However, the Second Circuit found that:

> those Rules prescribe the procedure to be followed when formal notice is required. They do not speak to the situation in which, notwithstanding the absence of formal notice, creditors obtain actual knowledge of a bankruptcy proceeding.

*Id.* The court concluded that:

> while it is true that § 523(a)(3)(B) does impose a burden on unlisted creditors who obtain timely knowledge of a bankruptcy proceeding, that burden is minimal and certainly does not deprive un-

listed creditors of their opportunity to be heard.

*Id.* at 455.

Other courts have reached the same conclusion. *See, e.g., Yukon Self Storage Fund v. Green (In re Green),* 876 F.2d 854, 855, 857 (10th Cir.1989) (creditor with actual knowledge of filing within month preceding bar date is bound by bar date; creditor with actual notice has a duty to protect itself from being adversely affected);[7] *Bishop v. Shrum,* 148 B.R. 619, 621 (D.Kan.1992) (notice of bankruptcy filing from clerk's office omitting deadline irrelevant; creditor had actual knowledge of case and 341 meeting and could have calculated deadline); *In re Marino,* 195 B.R. 886, 893–94 (Bankr.N.D.Ill.1996) (noting that "thirty-day formal notice is not an indispensable requirement;" and that actual knowledge of the case is sufficient to place the burden of investigation on the creditor); *Town of Nottingham v. Diberto (In re Diberto),* 136 B.R. 24, 25–26 (Bankr. D.N.H.1992) (complaint barred notwithstanding notice of filing from clerk's office omitted deadline; "deadline is established as a matter of law by operation of a rule and not by any order or practice of the Clerk's office").

7. Subsequent lower court case law interprets the holding in *Green* as somewhat limited. In *Employers Workers' Compensation Ass'n v. Kelley (In re Kelley),* the bankruptcy court found that ten or eleven days' actual notice was adequate under Bankruptcy Rule 4007(c) and thus dismissed a complaint for failure to timely file, relying on the holding in *Green.* 194 B.R. 258, 261–62 (Bankr.N.D.Okla.1996). Based upon a magistrate's recommendation, and in an unreported opinion, the District Court for the Northern District of Oklahoma reversed, holding that the opinion in *Green* was ambiguous as to when the creditor obtained actual knowledge in that one portion of the opinion notes that the creditor received copies of the bankruptcy papers less than thirty days prior to the bar date, while another portion states that the creditor obtained actual knowledge "shortly after filing." *See Employers Workers' Compensation Ass'n v. Kelley (In re Kelley),* No. 96–CV–499–H, 1997 U.S.Dist. LEXIS 22864 (January 13, 1997)

■ The issue of whether a creditor had actual notice in order to make a timely filing under § 523(c) is in many cases an issue of fact, here it is not. Both the senior investigator of the PWBA and the DOL's regional counsel, Joan M. Roller, had actual notice of the filing of the Debtor's bankruptcy case twenty-six days prior to the bar date. All that the DOL needed to do upon receipt of the letter notifying the DOL that the Debtor had filed bankruptcy was to file a one page motion requesting an extension of time for a period sufficient to enable the DOL to complete its investigation. Such motions are granted as a matter of course.

This court finds that the Bankruptcy Rules do not superimpose upon § 523(a)(3)(B) a requirement that a creditor must have no less than thirty days' notice of the time for filing a complaint to determine dischargeability pursuant to § 523(c). Section 523(a)(3)(B) does not exclude a debt from discharge where a creditor, such as the DOL, had notice or actual knowledge of the case in time to file a complaint to determine dischargeability of the debt or to file a simple request for an extension of time to file a dischargeability complaint pursuant to Federal Rule of Bankruptcy Procedure 9006(b)(3), a process that should take no more than fifteen minutes.[8]

(adopting recommendation of magistrate, No. 96–C–499–H, 1996 U.S.Dist. LEXIS 22148 (August 21, 1996)), *aff'd in part, rev'd in part,* 215 B.R. 468 (10th Cir. BAP 1997) (not discussing Bankruptcy Rule 4007(c)). Therefore, the district court in *Kelley* did not feel constrained by the ruling in *Green* and found that a creditor must have thirty days' notice of the bar date.

8. The DOL further argues that they should be given special consideration as they are a federal government entity and cannot move as quickly as other creditors. The DOL notes that they cannot bring an adversary action until a litigation memorandum and proposed complaint are approved by the Office of the Solicitor and the Department of Justice. The DOL cites the longer period of time granted the government to file a proof of claim. *See* 11 U.S.C. § 502(b)(9); Fed.R.Bankr.P. 3002(c)(1). DOL's reference to § 502(b)(9)

Accordingly, the DOL's debt was discharged upon the entry of the discharge order by this court on January 19, 2000. Because there is no genuine issue as to any material fact, the court will grant summary judgment in favor of the Debtor. The Plaintiff had notice and actual knowledge of the case with more than enough time to act on its dischargeability claim. Judgment will be entered in favor of the Defendant.

## EXHIBIT A

## MEMORANDUM OF DECISION

Before the court is a motion for extension of time to file a complaint objecting to the discharge of a debt. The Debtor, Elizabeth Bateman, was a trustee, together with her estranged husband, Geatano N. Musto, of the GNM & Associates Employee Profit Savings and 401(k) Plan (the "Plan"). The motion alleges that the Debtor violated her responsibility as a trustee and corporate officer by failing to take appropriate steps to assure that the employees' plan contributions were deposited into the Plan and by using Plan money to pay trade creditors. The Department of Labor ("DOL") seeks an extension of time to file what it terms an adversary action, challenging the dischargeability of a debt under 11 U.S.C. § 523(a)(4). A copy of its proposed order is attached as 'Appendix A'. For the reasons set forth, the court holds that it lacks the discretion to grant the relief sought. The Bankruptcy Rules allow no other decision. However, this ruling does not dispose of the potential cause of action. Its resolution must await another day, were the DOL to file a complaint under 11 U.S.C. § 523(a)(2)(B). Therefore, this memorandum should not be read as an advisory opinion.

The facts are not disputed. The Debtor, a 9% shareholder and director of GNM & Associates, Inc., was fired as a director

and trustee in April 1999. Debtor filed this bankruptcy case under Chapter 7 on October 8, 1999. DOL was not listed as a creditor and did not receive a copy of the Official Bankruptcy Form B9A dated October 13, 1999. That notice reflected that the meeting of creditors held pursuant to 11 U.S.C. § 341(a) was set for November 9, 1999, thus making pursuant to Bankruptcy Rule 4007(c) January 10, 2000, the bar date for filing complaints objecting to the discharge of the Debtor or to determine dischargeability of certain debts.

Elizabeth Bond, the investigating officer of the Pension and Welfare Benefits Administration and a former state administrative law judge, received actual notice of the filing of this bankruptcy case by facsimile transmission from corporate counsel on December 15, 1999, 26 days before the bar date for filing complaints challenging the dischargeability of certain debts.

This case involves the following sections of the Bankruptcy Code and Bankruptcy Rules: § 523(a)(3)(b), § 523(a)(4), Rule 4007(c), and Rule 9006(b)(3). These rules and code sections provide:

**11 U.S.C. § 523. Exceptions to Discharge**

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

(3) neither listed nor schedule under section 521(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit—

(B) if such debt is of a kind specified in paragraph (2), (4) or (6) of this subsection, timely filing of a proof of claim and timely request for a determination of dischargeability of such debt under one of such paragraphs, unless such creditor had notice or actual knowledge

and the subsequently drafted Federal Rule of Bankruptcy Procedure 3002(c)(1) are of no avail. Congress and the drafters of the Bank-

ruptcy Rules are well able to provide different treatment for the government where appropriate. *See* Fed.R.Bankr.P. 7012(a) and 7055.

of the case in time for such timely filing and request;

(4) for fraud of defalcation while acting in a fiduciary capacity, embezzlement, or larceny;

\* \* \* \* \* \*

### Rule 4007. Determination of Dischargeability of a Debt

(c) TIME FOR FILING COMPLAINT UNDER § 523(c) IN A CHAPTER 7 LIQUIDATION, CHAPTER 11 REORGANIZATION, OR CHAPTER 12 FAMILY FARMER'S DEBT ADJUSTMENT CASE; NOTICE OF TIME FIXED. A complaint to determine the dischargeability of a debt under § 523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a). The court shall give all creditors no less than 30 days' notice of the time so fixed in the manner provided in Rule 2002. On motion of a party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be filed before the time has expired.

\* \* \* \* \* \*

### Rule 9006. Time

(b) ENLARGEMENT.

(3) ENLARGEMENT LIMITED. The court may enlarge the time for taking action under Rules 1006(b)(2), 1017(e), 3002(c), 4003(b), 4004(a), 4007(c), 8002, and 9033, only to the extent and under the conditions stated in those rules.

DOL states that, depending upon the results of an ongoing investigation into debtor's actions as a trustee of the GNM 401(K) Plan, it may file an adversary proceeding against the debtor charging defalcation and seeking a judgment of nondischargeability under 11 U.S.C. § 523(a)(4). At the same time, DOL acknowledges that it missed the applicable deadline for filing the complaint, as well as the deadline for filing a motion seeking an extension of time to file such an action. The issue ultimately to be decided by the court is not whether this court will extend the time under Bankruptcy Rule 4007(c) for the filing of a complaint objecting to the dischargeability of DOL's claim. The court does not have the discretion to grant that relief. What will have to be decided is the application of 11 U.S.C. § 523(c)(1) to the facts of this case, and whether the exception provided under 11 U.S.C. § 523(a)(3)(B) is applicable.

Bankruptcy Rule 9006(b)(3) expressly limits extensions of time for taking action under Rule 4007(c) to the extent and the conditions stated in that Rule. Rule 4007(c) requires that any complaint or request for an extension of time to file a complaint to determine the dischargeability of a debt under § 523(c) be filed before the expiration of the 60 days following the first date set for the meeting of creditors under 11 U.S.C. § 341(a). The deadline in this case for filing a complaint or motion for an extension was January 10, 2000. The Department of Labor filed an untimely motion to extend the 60–day deadline on February 15, 2000. Under 11 U.S.C. § 523(c)(1) debts of a kind specified in §§ 523(a)(2), (4), (6) and (15) are discharged, unless the court determines the debt to be excepted from discharge. Bankruptcy Rule 7001(6) provides that an adversary proceeding must be filed to determine the dischargeability of a debt. Bankruptcy Rule 4007(c) states the bar date for filing such adversary proceedings—60 days after the first date set for the meeting of creditors under § 341(a). However, 11 U.S.C. § 523(a)(3)(B) provides an exception to discharge of certain debts. This section provides that debts of a kind specified in §§ 523(a)(2), (4) and (6) are not automatically discharged if the debtor fails to schedule the creditor and the creditor had no notice or actual knowledge of the case in time to file a claim and a request for determination of dischargeability.

The issue for the court to determine in a subsequent adversary proceeding is whether DOL received notice or actual knowledge of the case to timely file an adversary proceeding or motion to extend the time to file an adversary proceeding. While DOL did not receive formal notice of the bankruptcy petition filing or the applicable deadlines from the bankruptcy court, its Senior Investigator, Elizabeth Bond, had actual knowledge of the filing of debtor's case upon receipt of the December 15, 1999 facsimile. Twenty-six days appears more than enough time for a creditor to act upon notice of the filing of a bankruptcy case. If more time is desired to file a complaint in such circumstances, all the creditor need do is file a timely request for an extension of time within which to file a complaint. Such motions are granted as a matter of course. Formal notice is not a prerequisite for the efficacy of the bar date. A ruling to the contrary reads 11 U.S.C. § 523(a)(3)(B) out of the Bankruptcy Code. The 30–day notice period referred to in Bankruptcy Rule 4007(c) deals with the original notice of the filing of the case. Any other interpretation nullifies the last two sentences of the rule. A timely requested enlargement is the only extension contemplated by Rule 9006(b)(3).

Most reported cases support the proposition that "actual" knowledge of the case bars an untimely complaint or motion for extension, as in this circumstance. As the Second Circuit said in the case of *In re Medaglia*, 52 F.3d 451, 455 (2d Cir.1995):

> While general knowledge that a bankruptcy proceeding has commenced is not the same as specific knowledge of the bar date, provisions of the Code do enable a creditor to estimate the bar date with relative accuracy based only on knowledge of when a Chapter 7 petition was filed. Thus, Fed.R.Bankr.P. 4007(c) sets a bar date as 60 days following the date set for the first meeting of creditors as "not less than 20 nor more than 40 days after the order for relief." [2]

Even if a creditor learns of the bankruptcy proceeding at a relatively late date (but before the bar date), Rule 4007(c) permits the creditor to move the court for an order extending the time in which to file objections to dischargeability. Therefore, while it is true that § 523(a)(3)(B) does impose a burden on unlisted creditors who obtain timely knowledge of a bankruptcy proceeding, that burden is minimal and certainly does not deprive unlisted creditors of their opportunity to be heard.

---

2. In the case of a voluntary petition such as Medaglia's the order for relief is the petition itself. 11 U.S.C. § 301.

The argument that the "actual knowledge" proviso of § 523(a)(3)(B) offends due process has been specifically rejected by at least four courts of appeals. *In re Sam*, 894 F.2d 778, 781–82 (5th Cir. 1990); *In re Green*, 876 F.2d 854, 856 (10th Cir.1989); *In re Price*, 871 F.2d 97, 99 (9th Cir.1989); *Alton*, 837 F.2d at 460 (11th Cir.). We agree with the reasoning of these cases.

In *Neeley v. Murchison*, 815 F.2d 345, 346–47 (5th Cir.1987), the Fifth Circuit noted:

> Section 523(c) of the Code, which Rule 4007 is designed to implement, places a heavy burden on the creditor to protect his rights: a debt of the type presented here is automatically discharged unless the creditor requests a determination of dischargeability. The one narrow exception to this rule incorporates a duty-to-inquire approach to notice issues. Under § 523(a)(3)(B), a debt is not automatically discharged if the debtor fails to schedule the creditor and the creditor had no notice or actual knowledge of the case in time to file a claim and a request for determination of dischargeability. Thus, in cases such as this one, it would be inconsistent with the scheme of § 523 to require technical compliance with the notice provision of Rule 4007: this would place the creditor who has written notice of the bankruptcy (albeit deficient notice

under the Rule) in a better position than the unlisted creditor whose debt is discharged under § 523(c) if he merely learns of the bankruptcy proceedings in time to protect his rights.

In *In re Marino,* 195 B.R. 886, 893 (Bankr. N.D.Ill.1996), the bankruptcy court stated:

Under § 523(a)(3)(B), even without formal notice from the bankruptcy court, the creditor must abide by the discharge bar date if he has actual knowledge of the case in time to file a claim and request a determination of dischargeability. See 11 U.S.C. § 523(a)(3)(B). This implies that the creditor has a duty to find out about the bar date where he has actual notice that the debtor had filed for bankruptcy protection. This heavy burden and the fact that the statutory scheme and rules contemplate actual notice to be sufficient in certain circumstances fatally wounds [creditor's] argument that, merely because he did not get the formal thirty-day notice, he should be allowed to file his complaint. The thirty-day formal notice is not an indispensable requirement.... Most courts have held that a creditor' actual notice of debtor's bankruptcy filing may satisfy the due process requirements under the Fifth Amendment.

Also, in *In re Barnes,* 96 B.R. 833, 837–38 (Bankr.N.D.Ill1989), the court stated:

The time limit in bankruptcy Rule 4007(c) serves a special purpose in bankruptcy administration. Because non-dischargeable debtor must be paid out of post-discharge assets, the late filing of an objection to dischargeability may be prejudicial to the fresh start of a debtor who has not anticipated objections to discharge. The deadline under Rule 4007(c) protects debtors from post-discharge harassment by creditors claiming their debts are non-dischargeable on the grounds of fraud and the like. Accordingly, where creditors who have missed the deadline seek untimely extension under Bankruptcy Rule 9006(b)(3) of their time to object to discharge, the deadline has been described as 'set in stone'. Despite the harsh results of this rule, it is clear that courts have no discretion to extend the time for objection. Rigid adherence to the deadline is justified on the basis that Rules 4007(c) and 9006(b)(3) 'reflect a considered determination that a final cut-off date insuring that debtor will be free after a date certain, outweighs individual hardship to creditors.' (citation omitted).

DOL relies upon four minority view cases in support of its motion. In *In re Dewalt,* 961 F.2d 848, 850 (9th Cir.1992), the trial court found that since the creditor learned of the bankruptcy filing seven calendar days before the bar date, it had sufficient time to seek an extension of time pursuant to Bankruptcy Rule 4007(c) before the bar date passed. The Ninth Circuit disagreed, reading into Bankruptcy Rule 4007(c) a minimum 30–day notice of the impending bar date. In *In re Wilborn,* 205 B.R. 202, 208–09 (9th Cir. BAP 1996), a Ninth Circuit Bankruptcy Appellate Panel case following the holding of *Dewalt,* concluded that the Bankruptcy Court has equitable powers to ignore the precise mandates of the Bankruptcy Rules. *In re Heiney,* 194 B.R. 898 (D.Colo.1996), also adheres to the *Dewalt* reasoning and rejects the holding of such courts as *In re Sam,* 894 F.2d 778 (5th Cir.1990). *In re Shaheen,* 174 B.R. 424, 427 (E.D.Va.1994), also follows *Dewalt* and urges 30–days' notice at a minimum.

If the DOL decides to file a complaint pursuant to 11 U.S.C. § 523(a)(3)(B), the court will then decide whether the 26–day notice that the DOL had before the bar date was sufficient to enable it to take timely action. The DOL will urge the court to follow the Ninth Circuit minority rule as opposed to the majority view expressed in such cases as *Bishop v. Shrum,* 148 B.R. 619 (D.Kan.1992) ("The common thread running through the majority view is that the Bankruptcy Code places the

burden on creditors to act to protect their rights.")

An appropriate order will be entered.

DATE SIGNED: April 26, 2000.